**UNITED STATES of America,
Plaintiff,**

v.

**John COSEY, Defendant.
Crim. No. 29763, Division D.**

United States District Court
E. D. Louisiana,
New Orleans Division.

July 21, 1965.

James F. Gaulding, Asst. Regional Counsel, I.R.S., Dallas Tex., John C. Ciolino, L. Howard McCurdy, Jr., Asst. U. S. Attys. Eastern Dist. of Louisiana, New Orleans, La., for plaintiff.

James T. Davis, New Orleans, Peter E. Duffy, New Orleans, La., for defendant.

AINSWORTH, District Judge.

Defendant has been indicted for unlawful possession of a firearm as defined by the National Firearms Act, Section 5848(1), Title 26, in violation of Sections 5851 and 5861, Title 26 United States Code. Presently before the court are two motions of defendant: a motion to dismiss the indictment, and a motion to quash the search warrant and to suppress the evidence obtained pursuant to search under the warrant.

Acting on information obtained from an unidentified informant that he had seen a sawed-off shotgun on the premises of defendant John Cosey, a search warrant was obtained by an investigator for the Alcohol and Tobacco Tax Division, Internal Revenue Service. Pursuant to this warrant a search of defendant's premises was made on October 23, 1964 and government agents seized therefrom a "14⅞ barrel, single barrel 28-gauge shotgun with overall length 25½." The weapon was found lying on top of a piece of furniture on which four shotgun shells were also found. The firing pin was missing from the weapon, although this was not observed at the time of the seizure. A test firing was successfully made later by a government agent who substituted a small wire nail for the missing pin, having been informed by defendant that the firing pin was missing.

Defendant's motion to dismiss the indictment is based on the ground that defendant has committed no offense cognizable under the law, inasmuch as the shotgun seized from his premises is not a prohibited firearm as defined by 26 U.S.C. § 5848(1); that in order for a sawed-off shotgun to be a firearm within the meaning of the statute it is necessary at the time of seizure that it be capable of discharging a projectile by an explosive; that it lacked this capability because of

the absence of the firing pin, and consequently was not in the category of firearms defined in 26 U.S.C. § 5848(1). This section reads:

"Firearm.—The term 'firearm' means a shotgun having a barrel or barrels of less than 18 inches in length, or a rifle having a barrel or barrels of less than 16 inches in length, or any weapon made from a rifle or shotgun (whether by alteration, modification, or otherwise) if such weapon as modified has an overall length of less than 26 inches, or any other weapon, except a pistol or revolver, from which a shot is discharged by an explosive if such weapon is capable of being concealed on the person, or a machine gun, and includes a muffler or silencer for any firearm whether or not such firearm is included within the foregoing definition."

■ Defendant argues that the phrase in the quoted statute, "from which a shot is discharged by an explosive," modifies and pertains to the listed weapons, *including a shotgun,* preceding that phrase. We cannot agree with this interpretation of the statute. A shotgun is by its very nature designed to propel a shot through explosive energy; its inclusion as a prohibited firearm in the statute is not contingent upon the phrase "from which a shot is discharged by an explosive" obviously inserted to define "any other weapon." A reading of subparagraphs (4) and (5) of the statute, defining "shotgun" and "any other weapon" substantiates our interpretation of the statute.[1]

■ Defendant relies on United States v. Thompson, N.D.Calif., 1962, 202 F. Supp. 503, holding that a sawed-off shotgun from which a firing pin was missing is not a firearm under the National Firearms Act. We feel that the facts of that case differ from those of the instant case. In Thompson, there is no evidence that the court or the agent who fire tested the weapon was aware that an ordinary wire nail, accessible and available to almost anyone, could be effectively substituted for the firing pin by mere insertion in the opening where the pin is normally found. One of the agents who testified demonstrated to the court that he could arm the shotgun in a mere matter of seconds by inserting a nail for the firing pin. It is also significant that no shotgun shells were found in the vicinity of the weapon in the Thompson case.

The fact that a necessary part of the firing mechanism was missing from the weapon is immaterial, considering that a firing pin can be easily removed, replaced and in fact substituted for by a small nail or tack. The temporarily inoperable instrument can thus with minimum effort, time and ingenuity be made to fire a shotgun shell. We feel that the purpose of the statute would be frustrated or defeated if we accepted defendant's contention that in the absence of the firing pin, a shotgun is not a firearm under the statute.

Unfortunately, there is a dearth of published decisions interpreting the National Firearms Act, particularly the question of when is a sawed-off shotgun not a firearm. We feel, however, that the analogous cases of the United States v. Decker, 6 Cir., 1961, 292 F.2d 89, involving a tear gas gun, and Sipes v. United States, 8 Cir. 1963, 321 F.2d 174, involving a rifle which had no sights allowing it to be fired elsewhere than from the shoulder, both of which instruments were found to be in the category of

1. "(4) Shotgun.—The term 'shotgun' means a weapon designed or redesigned, made or remade, and intended to be fired from the shoulder and designed or redesigned and made or remade to use the energy of the explosive in a fixed shotgun shell to fire through a smooth bore either a number of ball shot or a single projectile for each single pull of the trigger.

"(5) Any other weapon.—The term 'any other weapon' means any weapon or device capable of being concealed on the person from which a shot can be discharged through the energy of an explosive, but such term shall not include pistols or revolvers or weapons designed, made or intended to be fired from the shoulder and not capable of being fired with fixed ammunition."

"firearms," are in harmony with out interpretation of the statute.

Defendant's motion to dismiss the indictment is, therefore, denied.

The motion to quash and suppress are predicated on absence of probable cause for the issuance of the search warrant.

 There was substantial basis for the Commissioner to conclude that the sawed-off shotgun was in defendant's premises, justifying the issuance of a search warrant. Rugendorf v. United States, 376 U.S. 528, 84 S.Ct. 825, 11 L. Ed.2d 887 (1964); Giordenello v. United States, 357 U.S. 480, 78 S.Ct. 1245, 2 L. Ed.2d 1503 (1958). The evidence is conclusive that the government agents made application for the search warrant on probable cause, having had information from a reliable informant who told them that he had seen the shotgun in defendant's residence. The informant was well known to two of the government agents, one of whom had been furnished reliable information on one occasion, and the other on approximately ten occasions. There is no doubt that this constituted probable cause and ample justification for the issuance of the search warrant.

Defendant's motion to quash and suppress is, therefore, denied.