121 N.J. Super. 217 (1972)
296 A.2d 539
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
ROBERT MORGAN, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted October 24, 1972.
Decided November 14, 1972.
*218 Before Judges LEWIS, CARTON and MINTZ.
Mr. Stanley C. Van Ness, Public Defender, attorney for appellant (Mr. Carmine P. Lunetta, Designated Counsel, on the brief).
Mr. Joseph P. Lordi, Essex County Prosecutor, attorney for respondent (Mr. David L. Rhoads, Assistant Prosecutor, of counsel).
The opinion of the court was delivered by LEWIS, P.J.A.D.
Defendant, after waiver of trial by jury, was tried by the Essex County Court and was found guilty of unlawful possession of a revolver in violation of N.J.S.A. 2A:151-41. He was sentenced to six months in the Essex County Correction Center and placed on probation for 12 months.
The single argument on appeal is that the revolver in question was inoperable and not a firearm as defined by N.J.S.A. 2A:151-1 and, therefore, defendant should have been acquitted.
There is no merit to this appeal. The evidence was to the effect that the firing pin of the revolver had been filed down and, in order for the gun to be fired, it would only *219 be necessary to insert a thin piece of metal or paper between the pin and the cartridge. We also note that the revolver contained five cartridges of live ammunition within its chamber.
The element of operability stems from the definition of the term "firearm" in N.J.S.A. 2A:151-1 as a "revolver." That section, in pertinent part, provides as follows:
a. Firearm or firearms includes any pistol, revolver, rifle, shotgun, machine gun, automatic and semiautomatic rifle, or other firearm as the term is commonly used, or any gun, device or instrument in the nature of a weapon from which may be fired or ejected any solid projectile, ball, slug, pellet, missile or bullet, or any gas, vapor or other noxious thing, by means of a cartridge or shell or by the action of an explosive or the igniting of flammable or explosive substances. * * *
b. Pistol or revolver includes any firearm with an overall length less than 26 inches * * *.
It may become a question of fact as to whether a particular device possesses or retains the characteristics of a firearm as thus defined. Conceivably, although having initially possessed such characteristics, it may have lost them through mutilation, destruction or disassembly. Where there appears to be a legitimate dispute as to whether any such device possesses or retains the essential characteristics of a weapon, it is appropriate for the parties to offer proof with respect to its operability. That question should be resolved as other questions of fact.
Although this is apparently an issue of first impression in this jurisdiction, State v. Yarusso, 105 N.J. Super. 311, 313 (Cty. Ct. 1969) (issue noted but not decided), the recent decision of State v. Greer, 107 N.J. Super. 92 (App. Div. 1969) is pertinent. There the court held the fact that the blade of a switchblade knife was bent, making the knife inoperable, did not entitle defendant to an acquittal on an indictment charging possession of a switchblade knife. Cf. State v. Schultheis, 113 N.J. Super. 11, 16 (App. Div. 1970), certif. den. 58 N.J. 390 (1971).
*220 Courts of other jurisdictions interpreting similar firearm statutes have generally concluded that a firearm is no less a firearm if it is rendered temporarily inoperable because of a missing and easily replaceable part or by need of some minor repair or adjustment. E.g., Commonwealth v. Bartholomew, 326 Mass. 218, 93 N.E.2d 551, 552 (Sup. Jud. Ct. 1950); United States v. Cosey, 244 F. Supp. 100, 102 (E.D. La. 1965); 94 C.J.S. Weapons § 6 at 489; 56 Am. Jur., Weapons and Firearms, § 13 at 999-1000. See Annotation, "Validity and Construction of Gun Control Laws," 28 A.L.R.3d 845, 863-865 (1969). See also Annotation, "Fact that gun was unloaded as affecting criminal responsibility," 79 A.L.R.2d 1412, 1430-1432 (1961).
Although courts have disagreed over what the extent of inoperability should be, compare Bartholomew and Cosey, supra, with People v. Jackson, 266 Cal. App.2d 341, 72 Cal. Rptr. 162, 166-168 (Ct. App. 1968), and United States v. Thompson, 202 F. Supp. 503, 506-507 (N.D. Cal. 1962), it is sufficient for the purposes of this decision to quote the language of Bartholomew, supra:
While it may be conceded that a weapon designed for firing projectiles may be so defective or damaged that it has lost its initial character as a firearm, * * * this character is not lost when a relatively slight repair, replacement, or adjustment will make it an effective weapon. * * * In the instant case the absence of the easily replaceable firing pin did not destroy the character of the implement in question as a machine gun. [93 N.E.2d at 552]
Here it is plain that the operability of the revolver was a simple matter within the control of defendant. As in Bartholomew (and Cosey) there was expert testimony to establish that the weapon was capable of being fired with but minor adjustment. By this proof the State fairly countered defendant's claim that the revolver was inoperable.
Judgment of conviction affirmed.