STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. ROBERT JOSEPH HEPNER, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted September 2, 1975—Decided October 21, 1975.

Before Judges CONFORD, MATTHEWS and BOTTER.

*Mr. Brian Boyle,* attorney for appellant.

*Mr. William F. Hyland,* Attorney General, attorney for respondent *(Mr. Robert J. Genatt,* Deputy Attorney General, of counsel and on the brief).

PER CURIAM. Defendant was convicted, after a nonjury trial, of violating the provisions of *N. J. S. A.* 2A:151–41 (a) which prohibits possession of a "pistol or revolver" in a public place without a permit. He admits that he had in his possession a flare gun while attending a concert. The section cited was amended by *L.* 1966, *c.* 60 (sec. 32) which is commonly known as the Gun Control Law.

While the trial judge found that defendant did not intend to use the flare gun as a weapon on the particular occasion, he nevertheless found that defendant possessed it at the time so that if necessary it would be available to him as a weapon. He also ruled that such an instrument was a "pistol or revolver" within the meaning of the statute. Defendant claimed that he had a motorcycle which he rode in the countryside and carried the flare gun in case he had an accident in an isolated place.

The State takes the position that the 1966 Gun Control Law unconditionally requires registration of firearms, regardless of their intended use, and absolutely prohibits

possession thereof without a permit regardless of the intent to use. In this regard the State is correct. *State v. Hatch,* 64 *N. J.* 179, 186 (1973). The State further contends that since *N. J. S. A.* 2A:151-1(b) defines a "pistol or revolver" as including "any firearm" within certain dimensions, and paragraph (a). of that section defines a "firearm" to include a "pistol * * * or other firearm * * * device or instrument in the nature of a weapon" which can fire a solid projectile, a flare gun clearly comes within its terms because it can fire a projectile. Moreover, the State points out that under *N. J. S. A.* 2A:151-57.1 flare guns are expressly permitted to be possessed for signal purposes "aboard boats, or ships in open tidewater or upon aircraft," but not otherwise.

█ The State acknowledges the State Police have heretofore interpreted *N. J. S. A.* 2A:151-41(a) to exempt flare guns. Accordingly, we are asked to interpret this statute prospectively so that in the future flare guns will not be exempted thereunder. On that condition, the State agrees that defendant should be acquitted on the present charge because of prior practical contemporaneous interpretation.

We are satisfied from the description in the record of the flare gun in question that it is a firearm in the nature of a weapon which can fire a solid projectile or other noxious thing by the action of an explosive, as defined in *N. J. S. A.* 2A:151-1(a). We find that the flare gun does have the characteristics of a pistol, although apparently lacking a handle or butt. The testimony below described it as a cylinder or pen-type device with a spring-loaded type mechanism released by a thumb latch. The testimony also shows that these guns can be extremely dangerous if fired at someone in close range. The express permission of these devices in specific instances under the statute, as noted, fortifies the inference that their possession without a permit was prohibited in others. We conclude the instrument is comprehensive within the proscriptions of *N. J. S. A.* 2A:151-41(a).

We accede to the State's request that defendant's conviction be reversed and that the application of the Gun Control Act to flare guns be declared prospective only, commencing with the date of filing of this opinion.

Reversed.