153 N.J. Super. 18 (1977)
378 A.2d 1155
THE STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
CHARLES KEELY, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted August 30, 1977.
Decided September 23, 1977.
*20 Before Judges MATTHEWS, BISCHOFF and HORN.
Mr. Joseph E. Shamy, attorney for appellant (Mr. Joseph M. Fuoco on the brief).
Mr. William F. Hyland, Attorney General, attorney for respondent (Mr. Richard W. Berg, Deputy Attorney General, of counsel).
PER CURIAM.
Tried to a jury, defendant was convicted of charges contained in two respective indictments: (1) feloniously attempting to use a dangerous weapon (a pen-knife) against one Mary Beth Shaefer (N.J.S.A. 2A:151-56), and (2) unlawfully possessing a.22-caliber blank gun without first having obtained the requisite permit (N.J.S.A. 2A:151-41). After denying a motion for a new trial, the judge sentenced him to serve one to three years in State Prison on the dangerous weapon charge and a similar concurrent term on the possession of the gun charge.
Defendant asserts in this appeal: (A) the pistol was a "starter's pistol" and did not fall within the type of firearm proscribed by N.J.S.A. 2A:151-41; (B) the simultaneous trial on both charges was prejudicial and constituted plain error, and (C) the verdicts were against the weight of the evidence.

A
The trial judge erroneously denied defendant's motion to dismiss the unlawful possession of a weapon charge. *21 Defendant admitted to possession of the pistol. The State's firearms expert testified that, although the pistol was incapable of firing a projectile in the condition it was found in defendant's possession, it could be converted into a weapon capable of firing .22-caliber bullets with a "minor" modification consisting of enlarging the barrel by drilling same in a matter of five to ten minutes or by substituting a new cylinder for the one in the revolver.
N.J.S.A. 2A:151-1 defines the type of pistol or revolver for which a permit to carry is required as follows:
a. Firearm or firearms includes any pistol, revolver, rifle, shotgun, machine gun, automatic and semiautomatic rifle, or other firearm as the term is commonly used, or any gun, device or instrument in the nature of a weapon from which may be fired or ejected any solid projectile, ball, slug, pellet, missile or bullet, or any gas, vapor or other noxious thing, by means of a cartridge or shell or by the action of an explosive or the igniting of flammable or explosive substances.
The State's expert agreed that the pistol as found in defendant's possession was a starter pistol and as such did not fall within the ambit of the statute. But the State contends that defendant was in violation of the statute because (a) it could be converted into a weapon capable of firing bullets with the minor conversion, and (b) it was capable of firing tear-gas cartridges which constituted "gas, vapor or other noxious thing." Cf. State v. Hepner, 136 N.J. Super. 509 (App. Div. 1975), involving a flare gun.
We cannot accept the State's argument as to (a) because the pistol as found had not been altered in any way. Moreover, there was not the slightest evidence that defendant intended to alter it or was capable of doing so. The mere fact that he possessed some tear-gas cartridges is without pertinent significance. He had no extra cylinder in his possession which could have been substituted and he had no tools in his possession which were required to perform the necessary operation to enlarge the barrel.
Were the State's theory valid, the most innocent of objects would come within the prohibition of the statute, for *22 in the hands of an expert such objects are capable of being fashioned into weapons enumerated in the quoted statute. Of course, if there has been some alteration of the object, such as a starter's pistol converted into one of the restricted weapons, a different situation prevails. But here there was no mutation whatsoever.
None of the cases cited by the State holds differently. State v. Morgan, 121 N.J. Super. 217 (App. Div. 1972), which is strongly relied on for the State's position, is clearly inapt. There the weapon contained five bullets which were capable of being fired by inserting a thin piece of metal or paper between the filed-down firing pin and a cartridge.[1]
As to (b), there was not the slightest evidence that the pistol was capable of firing tear-gas cartridges. It is quite obvious that this thesis was first advanced on appeal to bolster an obvious deficiency in the proofs on this point.

B
We find no error in the consolidation of the indictments for trial. Since defendant failed to move for severance pursuant to R. 3:15-2(b), his argument under this point must be considered in the light of the plain error rule, R. 2:10-2. The test for plain error is whether under the circumstances of the case the alleged error possessed a clear capacity for producing an unjust result. State v. Melvin, 65 N.J. 1, 18 (1974). We are unable to say that it did.
We feel that there was sufficient connection between the two alleged violations to warrant their consolidation for trial. State v. Aiello, 91 N.J. Super. 457, 466 (App. Div. 1966), certif. den. 48 N.J. 138 (1966), cert. den. 388 U.S. 913, 87 S.Ct. 2106, 18 L.Ed.2d 1351 (1967). See also, R. 3:15-1 and R. 3:7-6.
*23 When multiple charges against a defendant are tried at the same time there is a potential of prejudice. State v. Manney, 26 N.J. 362 (1958). But the mere possibility of such harm is not sufficient to bar joinder or consolidation, for in the interests of economy and efficiency it is necessary that trials be joint so long as the right to a fair trial remains unprejudiced. State v. Aiello, supra.
After a trial of several charges without objection, "it takes a strong showing of probable prejudice in fact to warrant a finding of `plain error.'" State v. Baker, 49 N.J. 103, 105 (1967), cert. den. 389 U.S. 868, 88 S.Ct. 141, 19 L.Ed.2d 144 (1967). We find that the test of prejudice  that the jury could not arrive at a determination on each charge irrespective of the evidence concerning guilt on the other charge (State v. Hines, 109 N.J Super. 298 (App. Div. 1970)) cert. den. 400 U.S. 867, 91 S.Ct. 108, 27 L.Ed.2d 106 (1970) has not been met. The trial judge appropriately instructed on each of the two charges  separating the elements clearly and distinctly as to each charge. He directed the jury to return separate verdicts as to each. Accordingly, we find no plain error under the circumstances.

C
We find no merit in defendant's final contention that the verdict on the dangerous weapon charge was against the weight of the evidence.
The standard of our review is enunciated in R. 2:10-1: "The trial court's ruling on such motion [for a new trial] shall not be reversed unless it clearly appears that there was a miscarriage of justice under the law." See State v. Sims, 65 N.J. 359, 373-374 (1974); Dolson v. Anastasia, 55 N.J. 2, 6-8 (1969).
Essentially, defendant argues that the jury should have accepted defendant's version of the facts rather than that of the State. Clearly, however, there was sufficient credible evidence to furnish the basis for the verdict. As stated by *24 Judge Staller in denying defendant's motion for a new trial: "All these matters that are raised the jury had ample opportunity to review the situation, listen to the witnesses, and give consideration to the issue of credibility."
Finding no error other than the failure to dismiss the indictment for possessing the starter pistol, the conviction of defendant on that indictment (No. 231-75) is reversed and the conviction on the indictment charging the felonious attempt to use a dangerous weapon (No. 230-75) is affirmed.
NOTES
[1] We have carefully considered an unreported decision cited by the State, but we find that it lends no weight to its argument. R. 2:6-2(e). See State v. Schultheis, 113 N.J. Super. 11 (App. Div. 1971), certif. den. 58 N.J. 390 (1971).