160 N.J. Super. 146 (1978)
388 A.2d 1332
STATE OF NEW JERSEY, RESPONDENT,
v.
ELLIS MAJOR JONES, APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted May 15, 1978.
Decided June 20, 1978.
*147 Before Judges ALLCORN, HORN and FURMAN.
Mr. Stanley C. Van Ness, Public Defender, attorney for appellant (Mr. Robert J. Konzelmann, Assistant Deputy Public Defender, of counsel and on the brief).
Mr. John J. Degnan, Attorney General, attorney for respondent (Mr. Mark Paul Cronin, Deputy Attorney General, of counsel and on the brief).
PER CURIAM.
Defendant was convicted of assault with an offensive weapon contrary to N.J.S.A. 2A:90-3. On appeal he urges that his conviction should be reversed because, as a matter of law, the starter's pistol which he pointed at the complaining witness was not an offensive weapon within the statutory intent. Concededly there is no statutory definition of offensive weapon.
According to the testimony, defendant's starter's pistol had the appearance of a "real weapon." It had a small bar across the front of the barrel. The rear of the barrel was sealed but this was apparent only when the cylinder was swung out. The pistol was loaded with blank cartridges.
*148 The gravamen of an assault is the fear of imminent bodily harm or death founded upon the apparent present ability of the perpetrator to inflict bodily harm or death. That fear is reasonably founded if a gun is unloaded without the knowledge of the victim of the assault. State v. Drayton, 114 N.J. Super. 490, 492-493 (App. Div. 1971) (affirming a conviction under N.J.S.A. 2A:90-3 of assault with a revolver without proof that the revolver was loaded).
We are of the view that the jury properly concluded that the starter's pistol which was pointed by defendant at the complaining witness was an offensive weapon with the appearance of the capacity to fire a bullet, although without that capacity in fact. The verdict was consistent with the carefully drawn jury charge.
It is irrelevant that a starter's pistol is not a weapon proscribed by N.J.S.A. 2A:151-51, for which a permit to carry is required. State v. Keely, 153 N.J. Super. 18 (App. Div. 1977).
We affirm.