THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. LEROY WHITE, JR., Defendant-Appellant.

Fourth District   No. 4—92—1043

Opinion filed November 15, 1993.—Rehearing denied February 10, 1994.

Daniel D. Yuhas and Arden J. Lang, both of State Appellate Defender's Office, of Springfield, for appellant.

Thomas J. Difanis, State's Attorney, of Urbana (Norbert J. Goetten and Robert J. Biderman, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE COOK delivered the opinion of the court:

Defendant was convicted of unlawful use of weapons by a felon in violation of section 24—1.1(a) of the Criminal Code of 1961 (Code) (Ill. Rev. Stat. 1991, ch. 38, par. 24—1.1(a)), which provides: "It is unlawful for a person to knowingly possess on or about his person *** any firearm *** if the person has been convicted of a felony under the laws of this State or any other jurisdiction." Defendant appeals, contending his guilt was not proved beyond a reasonable doubt because the State failed to show the rifle he was convicted of possessing was capable of being fired. We affirm.

Champaign police officer Gene Stephens testified at trial that shortly after the defendant was arrested, Stephens recovered a .22 caliber rifle. The rifle contained a bullet and a firing pin but had no trigger. Nevertheless, Stephens testified he subsequently twice succeeded in activating the firing pin by inserting an object up under the trigger mechanism and pushing it. Defendant contends that an

inoperable weapon cannot be considered a firearm and Officer Stephens' testimony is not "credible proof" that the rifle was capable of being fired.

Defendant concedes there is no case law support for his argument that an inoperable rifle is not a firearm within the meaning of section 24—1.1 of the Code. We do not agree with defendant's contention that an exemption for inoperable weapons found in the unlawful use of a weapon statute has any bearing on this case. See Ill. Rev. Stat. 1991, ch. 38, par. 24—2(b)(4).

The legislature's purpose in enacting section 24—1.1 was "to protect the health and safety of the public by deterring possessions of weapons by convicted felons, a class of persons that the legislature has determined presents a higher risk of danger to the public when in possession of a weapon." (*People v. Crawford* (1986), 145 Ill. App. 3d 318, 321, 495 N.E.2d 1025, 1027.) The section may also be designed to prevent such persons from engaging in any show of force, real or apparent. (See *State v. Middleton* (1976), 143 N.J. Super 18, 20, 362 A.2d 602, 604.) Accordingly, it is sufficient to support a conviction that the object possessed the outward appearance and characteristics of a firearm, even if inoperable. See *People v. Halley* (1971), 131 Ill. App. 2d 1070, 1073, 268 N.E.2d 449, 451; *People v. White* (1975), 33 Ill. App. 3d 523, 530, 338 N.E.2d 81, 87 (fact that pistol inoperable does not prevent conviction for carrying a concealed firearm).

Even were we to accept defendant's argument, his conviction was proper. Officer Stephens testified the gun was capable of being fired, and had been "fired" by him, even without a trigger. Although defendant refers to this testimony as "pure speculation * * * that the rifle was capable of firing given an excruciatingly complex series of events," whether the rifle was capable of being fired was a question for the trier of fact. (See *State v. Morgan* (1972), 121 N.J. Super. 217, 219, 296 A.2d 539, 540 (whether a device possesses or retains the essential characteristics of a weapon is a question for the trier of fact).) A reasonable doubt is not created as a matter of law simply because it may be difficult to fire the weapon. (See *People v. Hill* (1989), 433 Mich. 464, 477, 446 N.W.2d 140, 146 (temporarily inoperable firearms which can be made operable within a reasonable time fall within the purview of the statutes governing use and possession of firearms); *Morgan*, 121 N.J. Super. at 218-19, 296 A.2d at 540 (defendant was guilty of unlawful possession of a firearm even though the firing pin had been filed down and a thin piece of metal or paper would have to be inserted between the pin

and the cartridge to fire the weapon).) The evidence supports the finding of defendant's guilt beyond a reasonable doubt.

The judgment of the Champaign County circuit court is affirmed.

Affirmed.

STEIGMANN, P.J., and GREEN, J., concur.