## STATE OF INDIANA *v.* GREEN.

[No. 26,223. Filed February 22, 1935.]

*James M. Ogden,* Attorney-General, *Robert G. Estill,* and *John H. Underwood,* for the State.

*Hanley & Hanley,* and *Call, Call & Gruenberg,* for appellee.

HUGHES, J.—The appellee was charged by affidavit while being a member of the common council of the city of Gary, Indiana, that he became unlawfully and feloniously interested in a contract for the painting of certain fire stations in said city of Gary, entered into between said city and one William J. Harris, which said contract was authorized and the money appropriated by the common council of which the appellee was a member.

The prosecution was predicated upon the following affidavit, omitting certain parts not applicable to the case:

"Emzie H. Hahn, being duly sworn, upon his oath says for amended affidavit herein, that on or about the *19th* day of *January* A. D. *1932,* at and in the County of LAKE, and State of Indiana *Herman A. Green* was, at the general election, 1929, duly elected as member of the Common Council of the City of Gary, Indiana, and thereafter duly qualified and on the first Monday of January, 1930, entered upon the discharge of the duties of a City Councilman in the said city of Gary, Lake County, Indiana, and that ever since that time and now he has been and is the duly elected, qualified and acting member of the Common Council of the City of Gary, aforesaid: that ever since and prior to the 1st day of January, 1930, and now, the City of Gary, has been and is the owner of certain buildings within the said City of Gary used for fire sta-

tions, and that on and prior to the 19th day of January, 1932, the common council of the City of Gary, of which the said Herman A. Green was then and there a member, duly acting as such, appropriated and created and authorized a fund to be paid out of the Treasury of the City of Gary, Indiana, for the purpose of painting the said buildings so used as fire stations aforesaid, and authorized Joseph Shirk, who was then and there and ever since has been the duly qualified and acting Chief of the Fire Department of the said City of Gary aforesaid, to enter into an agreement and contract for the furnishing of paint and labor for the painting of said buildings used as fire stations for the City of Gary aforesaid: and that the said Joseph Shirk acting for and on behalf of said City of Gary and as Chief of the Fire Department of said City of Gary, so authorized to enter into such an agreement and contract as aforesaid, did then and there on the 19th day of January, 1932, enter into an agreement and contract with one William J. Harris for the furnishing of the paint and labor in the painting of the buildings used as fire stations as aforesaid, in the sum of $1,100.00, to be paid out of aforesaid fund, so provided as aforesaid, by the said City of Gary, and that the said Herman A. Green did then and there unlawfully and feloniously, while acting as such member of said common Council, become interested in and was a party to said contract and agreement so entered into as aforesaid by and between the Joseph Shirk, Chief of the Fire Department of the said City of Gary aforesaid, and for and on behalf of the said City of Gary, with the said William J. Harris . . ."

The appellee filed a motion to quash the affidavit for the following reasons:

1. "That the affidavit filed herein charges two distinct offenses in one count, and is therefore bad for duplicity.

2. "That the affidavit filed herein does not state the offense sought to be alleged herein with sufficient certainty.

3. "That the facts stated in the affidavit filed herein do not constitute a public offense for the following reasons:

(a) "That it is not alleged in said affidavit that the City of Gary ever entered into a contract with William Harris.

(b) "That it is not alleged in said affidavit that William Harris ever entered into a contract with the City of Gary.

(c) "That it is not alleged in said affidavit that the City of Gary, and William Harris ever entered into a contract for any matter, cause or thing by which any liability or indebtedness was in any way or manner created or passed upon, authorized or approved by the Common Council of the City of Gary, of which the defendant Herman A. Green is alleged to be a member."

The motion to quash was sustained and the State appealed.

The errors assigned for reversal are:

(1) The court erred in sustaining appellee's motion to quash the amended affidavit.

(2) The court erred in quashing the amended affidavit.

The amended affidavit was drawn under section 10277, Burns 1926, §48-1247, Burns 1933, §11425, Baldwin's 1934. That part of said section as is applicable here, is as follows:

"No member of the common council or board of trustees, nor any officer, clerk or deputy of such officer, or other employee of any city or incorporated town of this state, shall, either directly or indirectly, be a party to or in any manner interested in any contract or agreement, either with such city or incorporated town, or with any officer, board, clerk, deputy or employee of such city or incorporated town, for any matter, cause or thing by which any liability or indebtedness is in any way or manner created or passed upon, authorized or approved by such council or board of trustees or by any member thereof, or by any officer, board, clerk, deputy or employee of such city or incorporated town. Any contract in contravention of the fore-

going provisions shall be absolutely void; and any person violating any of such provisions shall be fined not more than one thousand dollars ($1,000) and imprisoned in the state prison not less than one (1) year nor more than ten (10) years. No councilman or trustee or other officer, clerk, deputy or employee of any city or incorporated town shall, either directly or indirectly, purchase any bond, order, claim or demand whatsoever against such city or incorporated town, during his continuance in office or employment, for any sum less than the amount specified therein; and any bond, order, claim or demand so purchased by any such officer or other person in contravention of the foregoing provisions shall be forfeited to such city or incorporated town, and no action shall ever be maintained thereon. Gifts and the acquirement of equitable interests by any such officers in any such bonds, orders, claims or demands shall be deemed to be within the meaning and scope of the foregoing provisions."

It has been held by this court in many cases that the sufficiency or insufficiency of an indictment or affidavit depends on whether the facts properly alleged in the indictment or affidavit can be true, and the defendant yet be innocent of the offense intended to be charged against him; if he can be innocent, the indictment or affidavit is bad, and if he can not, the indictment or affidavit is good. *Stribbling* v. *State* (1877), 56 Ind. 79; *State* v. *Davis* (1922), 192 Ind. 423, 136 N. E. 843; *Burnett* v. *State* (1928), 201 Ind. 134, 166 N. E. 430.

Tested by the above rule of law we must hold that the affidavit in the instant case is bad for the reason that all the facts alleged in the affidavit can be true and yet the appellee be innocent of the charge intended to be charged against him. The affidavit alleges that one Shirk acting for the city of Gary entered into an agreement and contract with one William J. Harris, on January 19, 1932, for the furnish-

ing of paint and labor in painting certain city buildings for the sum of $1100—that afterwards the appellee became interested in and was a party to said contract and agreement. He was clearly not a party to the contract of January 19, 1932, for it is alleged in the affidavit that the contract was made between the city and one William J. Harris, and it is not alleged how or in what manner Green later became interested in the contract or became a party thereto. There are many ways in which the appellee might have become interested in the contract after it was entered into, and yet not be guilty of violating any provisions of the statute in question. For an illustration—suppose that the appellee was a painter by profession, and had been employed by Harris as a painter to help paint the city buildings, he would of course, in a sense become interested in and a party to the contract of painting, but not within the meaning of the statute. *Finn* v. *State ex rel.* (1918), 66 Ind. App. 432, 114 N. E. 9.

We think the affidavit is so indefinite and uncertain that the court committed no error in sustaining the motion to quash the same.

Appeal not sustained.

Roll and Treanor, J.J., dissent on the ground that the allegation that the defendant "became interested in and was a party to said contract and agreement" was sufficiently certain to satisfy the statute.