CROUCH *v.* STATE OF INDIANA.

[No. 28,691. Filed April 4, 1951. Rehearing denied May 3, 1951.]

328

H. *Hanley Hammel, Jr.,* of Lafayette, for appellant.

*J. Emmett McManamon,* Attorney General; *Frank E. Coughlin, George W. Hand* and *John Ready O'Connor,* Deputy Attorneys General, for appellee.

JASPER, J.—Appellant was charged by way of a second amended affidavit in three counts with the crime of obtaining money under false pretenses. A plea of not guilty was entered, there was a trial by jury, and a verdict of guilty. Judgment and sentence followed. The sufficiency of each count of the affidavit was tested by a motion to quash and a motion in arrest of judgment, both of which were overruled.

Appellant contends that the allegations of each count of the affidavit fail to charge a public offense, for the reason that each fails to allege that the representation involved was made or authorized by appellant; that each fails to allege that the representation was made or conveyed to the person or persons allegedly defrauded; that each fails to allege that the speaker, whoever he was, knew the alleged representation to be false; and each fails to allege facts showing a felonious intent.

The same questions are raised by both the motion to quash and the motion in arrest of judgment. We will discuss both together.

Each count of the affidavit charges a violation of § 10-2103, Burns' 1942 Replacement, the applicable parts of which are as follows:

"Whoever, with intent to defraud another, designedly, by color of any false token . . . or any false pretense . . . obtains from any person, persons . . . any money . . . or anything of value . . . shall, on conviction, be imprisoned in the state prison not less than one (1) year nor more than seven (7) years, and fined not less than ten dollars ($10.00) nor more than one thousand dollars ($1,000). . . ."

Each count of the affidavit alleges in substance that on or about the 12th day of May, 1949, at the County of Tippecanoe, appellant did then and there unlawfully, feloniously, and designedly, with intent to defraud Harry A. Egelhoff and Ina F. Egelhoff, receive and obtain possession of $900, in United States currency, the property of Harry A. Egelhoff and Ina F. Egelhoff, as partial payment for the purchase of a lot, by color of false token and pretense, towit: That appellant had bought and was the owner of a certain lot on North 21st Street, in the City of Lafayette, whereas, in truth and in fact, appellant had not bought, nor had he contracted to buy, nor had ever been the owner of, said lot at any time; that Harry A. Egelhoff and Ina F. Egelhoff, relying upon such representation and false pretense that appellant was the owner of the lot, and believing the false pretense to be true, were then, there, and thereby deceived by the false pretense, and were then, there, and thereby induced to pay, and did pay, appellant the sum of $900, the property of Harry A. and Ina F. Egelhoff.

Count two differs from the first count of the affidavit in that it is alleged that appellant orally agreed with Harry A. Egelhoff and Ina F. Egelhoff for the build-

ing of a house upon any lot they might select, and that they selected a lot on North 21st Street, in Lafayette, and informed appellant they wanted a house built thereon, and that appellant made the false pretense, towit: That he had bought and was the owner of said lot.

The third count differs from the first two in that it alleges, in addition, that appellant agreed to construct a house upon said lot, and agreed to sell the house and lot to Harry A. and Ina F. Egelhoff; and that, relying upon the representation and false pretense that appellant was the owner of the lot, Harry A. and Ina F. Egelhoff did pay appellant $900 in United States currency as a down payment for the purchase of the lot and the construction of a house thereon.

The three counts of the affidavit follow substantially the language of § 10-2103, Burns' 1942 Replacement, *supra*. Each count alleges that appellant represented that he had bought and was the owner of a certain lot on North 21st Street, in the City of Lafayette, whereas, in truth and in fact, appellant had not bought, nor had he contracted to buy, such lot, nor had appellant ever been the owner of such lot at any time. The false pretense is sufficiently alleged as having been made by appellant.

Each count of the affidavit shows that appellant unlawfully, feloniously, and designedly, with intent to defraud Harry A. and Ina F. Egelhoff, received and obtained possession of $900 of their money, upon the false pretense and representation that appellant had bought and was the owner of the lot. There can be no question as to whom the representation was made.

Appellant was charged under each count of the affidavit with knowledge that the representation was

false. Each count states that he did "unlawfully, feloniously, and designedly, with intent to defraud," make certain representations. To charge that one does an act "designedly," is sufficient to charge that he acted "knowingly and intentionally." *State* v. *Snyder* (1879), 66 Ind. 203; *State* v. *Lien* (1947), 72 S. D. 94, 30 N. W. 2d 12; *Todd* v. *State* (1869), 31 Ind. 514; *State* v. *Taylor* (1921), 44 S. D. 332, 183 N. W. 998; *State* v. *Avery* (1922), 111 Kan. 588, 207 Pac. 838; *People* v. *White* (1941), 377 Ill. 251, 36 N. E. 2d 341; *Gillespie* v. *State* (1924), 194 Ind. 154, 142 N. E. 220; Black's Law Dictionary (3rd Ed.), p. 566.

Appellant next contends that there was a failure to allege facts showing a felonious intent, for three reasons: (1) Failure to allege knowledge on behalf of appellant as to the falsity of the representation; (2) who the speaker was; and (3) his connection with appellant. What we have said above fully covers the question here presented and it is unnecessary to further discuss this proposition. There were sufficient facts alleged to show felonious intent.

Appellant further contends that, although each count of the affidavit alleges the obtaining of money "by color of false token and pretense," there is no showing what such token was, whose it was, or to whom it was presented. However, each count of the affidavit does specifically charge a false pretense. The statute last cited: "Whoever, with intent to defraud another, designedly by color of any false token . . . or any false pretense . . .," states the acts disjunctively. Each count of the second amended affidavit is charged in the conjunctive. This court has held that proof of any one of the acts forbidden and charged conjunctively will support a conviction. *Cooprider* v. *State* (1941), 218 Ind. 122, 126, 31 N. E. 2d 53, 132

A. L. R. 553. Under Clause Sixth of § 9-1127, Burns' 1942 Replacement, "false token" may be considered as mere surplusage. See Ewbank, *Criminal Law* (2d Ed.), § 1583, p. 1152. The test is, can the facts properly alleged in the second amended affidavit be true, and appellant be innocent of the offense intended to be charged? If the answer is in the affirmative, the affidavit is bad; if in the negative, the affidavit is good. Our answer must be in the negative. *Compton* v. *State* (1930), 201 Ind. 535, 170 N. E. 325; *State* v. *Davis* (1922), 192 Ind. 423, 136 N. E. 843; *Stribbling* v. *State* (1877), 56 Ind. 79. Although the amended affidavit is not a model, it is sufficient.

The motion to quash and the motion in arrest of judgment were properly overruled.

Appellant further contends that the verdict was not sustained by sufficient evidence and is contrary to law. To this contention appellee claims the evidence is not in the record because the certificate of the judge does not state that it contains all of the evidence given in the cause. This same question was presented in *Kist* v. *Coughlin* (1944), 222 Ind. 639, 649, 57 N. E. 2d 199, 202, 203, in which the court said:

> "In order to determine this question we must examine the bill of exceptions as a whole to ascertain whether or not it contains words which indicate clearly and unmistakably that the bill does contain all of the evidence. . . .
>
> "It is only necessary that either in the bill itself or in the certificate of the judge, that it be stated 'that it contains all of the evidence given in the cause' or words of equivalent import. *McMurran* v. *Hannum* (1916), 185 Ind. 326, 113 N. E. 238."

Although the certificate of the judge does not contain the statement that "this was all of the evidence,"

we find from an examination of the bill of exceptions as a whole that the bill does contain all of the evidence, and that such is certified by the trial court to be the fact. The trial judge signed the bill of exceptions, and, by his signature, certified as correct that which preceded it. The bill of exceptions is properly before this court. *Kist* v. *Coughlin, supra.*

Since a general verdict of guilty was returned by the jury, we must examine the evidence to see if there is substantial evidence of probative value to prove the material allegations of one count of the affidavit.

It is necessary in charging the offense of obtaining money or other thing of value under false pretense to allege and prove (1) a false representation of a material existing fact, (2) a denial of the truth of the representation, (3) to whom made, (4) knowledge of its falsity, (5) intent to defraud, (6) reliance by the victim or victims on the false representation, (7) that the victim or victims were deceived, (8) to whom the money or other thing of value belonged, and (9) the surrender thereof to the defendant because of the false representation. Section 10-2103, Burns' 1942 Replacement, *supra.* Each count of the second amended affidavit sets out that the false representation was made to Harry A. and Ina F. Egelhoff; that they relied upon and were deceived by the false representation; and that the money belonged to and was surrendered by them to appellant.

The undisputed evidence revealed that the false representation was made to Harry A. Egelhoff, and that Harry A. Egelhoff relied upon and was deceived by the false representation. There was a complete failure to prove that the representation was made to Ina F. Egelhoff, or that she ever had knowledge of the representation, or that she relied

upon and was deceived by it. This court has held that a failure to prove a material allegation descriptive of the offense is fatal. *Foreman* v. *State* (1929), 201 Ind. 224, 167 N. E. 125. The proof as to the person or persons to whom the false pretense was made must correspond to the allegations in the indictment. 35 C. J. S., False Pretenses, § 49d, p. 702. There was a complete failure of proof of material allegations descriptive of the offense by the failure to prove that the representation was made to Ina F. Egelhoff, and the further failure to show that she relied upon and was deceived by the false representation. *Compton* v. *State, supra; McCrann* v. *State* (1920), 189 Ind. 677, 683, 128 N. E. 848. The failure to prove the material allegations descriptive of the offense as to both Harry A. and Ina F. Egelhoff was error. *Foreman* v. *State, supra.*

The verdict was not sustained by sufficient evidence and is contrary to law.

Judgment reversed.

NOTE.—Reported in 97 N. E. 2d 860.