105 N.J. Super. 311 (1969)
252 A.2d 53
STATE OF NEW JERSEY, PLAINTIFF,
v.
JOHN YARUSSO, DEFENDANT.
Superior Court of New Jersey, Hudson County Court, Law Division  Criminal.
Argued March 10, 1969.
Decided April 2, 1969.
*312 Mr. Anthony De Fino, Assistant Prosecutor, argued the cause for the State (Mr. James A. Tumulty, Jr., Hudson County Prosecutor, attorney).
Mr. James J. Curry, Jr., Assistant Public Defender, argued the cause for defendant (Mr. Stanley Van Ness, Public Defender, attorney).
BERONIO, J.C.C.
This matter comes before the Court on defendant's motion to dismiss the indictment. Defendant was indicted for possessing a rifle contrary to the provisions of N.J.S. 2A:151-41. It is undisputed that at the time of defendant's arrest, the instrument did not have either firing pin or bolt. By interpolating the provisions of N.J.S. 2A:151-1 (a) and (c) which define, respectively, "firearm" and "rifle", defendant argues that he did not possess a rifle at the time of his arrest within the meaning of N.J.S. *313 2A:151-41 because the weapon lacked a firing pin and bolt. Defendant refers to the general rule that penal statutes are to be strictly construed in favor of the defendant. State v. Meinken, 10 N.J. 348 (1952). He then argues that the weapon must be a rifle within the meaning of the statute at the time of his arrest and that it is immaterial that a firing pin or bolt could be obtained by him at a later time.
Defendant's argument has merit. Although research reveals no reported case in this State discussing the issue raised by defendant, there is a conflict in two decisions of the federal courts construing similar provisions of the National Firearms Act, 26 U.S.C. § 5801 et seq. In both cases, the question before the courts was whether a shotgun without a firing pin was a shotgun within the meaning of the Act. In United States v. Thompson, 202 F. Supp. 503 (N.D. Cal. 1962), the court, strictly construing the statute, held that the instrument was not a shotgun; while in United States v. Cosey, 244 F. Supp. 100 (E.D. La. 1965), the court, noting that a firing pin could be fashioned from an ordinary wire nail, held that the instrument was a shotgun. It should be noted in the present case that the bolt, as well as the firing pin, was missing.
As indicated in the foregoing remarks, serious substantive issues are raised by the present motion. It is elementary in a charge of unlawful possession that the State must prove beyond a reasonable doubt that (1) the thing alleged to have been unlawfully possessed is in fact that which it may be unlawful to possess and (2) that the item was in fact unlawfully possessed, actually or constructively, solely or jointly, by the defendant. However for reasons of adjective law, the substantive issues cannot be considered in the present posture of the case.
Defendant seeks to dismiss the indictment under R.R. 3:5-5(b)(1). He asserts his contention in reference to the inoperability of the rifle is a defense which is capable of determination without trial of the general issue and therefore is a defense which may be raised before trial by motion under *314 the cited rule. The procedural question of the applicability of the cited rule in relation to the defendant's contention is the immediate issue before this court. Since research fails to disclose any reported decision in this State precisely declarative of the scope of R.R. 3:5-5(b)(1), resort must be made to prior law and to federal rule, F.R. Crim. P. 12(b) (1), upon which our state rule is patterned.
Prior to the advent of the present rules of procedure, an indictment could be attacked before trial by two methods. A defendant could move to quash the indictment or he could demur to the indictment. A motion to quash was addressed to the sound discretion of the court. It was generally employed where the indictment was fatally defective upon its face or where it was claimed that the indictment was a nullity because it was the product of misconduct in the grand jury. The motion to quash required the court to assume the allegations to be true, except when the accused urged that he was only indicted because of misconduct. In such case defendant claimed innocence and that his indictment was an act of oppression. State v. Dayton, 23 N.J.L. 49 (Sup. Ct. 1850); O'Regan and Schlosser New Jersey Criminal Practice and Procedure, sec. 139 (1st Ed. 1938). See, State v. Chandler, 98 N.J. Super. 241 (Law Div. 1967). The motion to quash was granted only upon the clearest and plainest grounds. The motion could be denied if its granting would prejudice the State while not prejudicing the defendant who could otherwise present his contentions by way of demurrer, motion in arrest of judgment or writ of error. State v. Davidson, 116 N.J.L. 325 (Sup. Ct. 1936).
A demurrer to the indictment was a plea by way of confession and avoidance. The effect of the demurrer was to admit the truth of the factual allegations of the indictment but claim they were insufficient in law. A good example of the demurrer may be found in State v. Klapprott, 127 N.J.L. 395 (Sup. Ct. 1941). (In Klapprott, members of the German-American Bund were indicted for making *315 scurrilous statements about the Jewish people. Defendants demurred to the indictment upon the ground that the statutes upon which the indictment was based, N.J.S. 2: 157B-5 and 6, were unconstitutional under both the State and federal constitutions. Defendants' contention was upheld upon appeal from an adverse trial court determination). Although a motion to quash could be employed in lieu of a demurrer, the demurrer differed in effect from the motion to quash in two important aspects. Unlike a motion to quash which was addressed to the sound discretion of the court, a demurrer well taken entitled the demurrant to a judgment in his favor as a matter of law. State v. Klapprott, supra; O'Regan and Schlosser, supra, sec. 146. Also, since the legal effect of the demurrer was that each averment well pleaded was taken as confessed to by the defendant, State v. Klapprott, supra, if the demurrer was overruled, the defendant waived trial by jury and stood convicted of the crime, unless the indictment charged a capital offense or the court, in its discretion, permitted the defendant to plead over. State v. Sharp, 75 N.J.L. 201 (Sup Ct. 1907), affirmed, 76 N.J.L. 576 (E. & A. 1908); State v. Passaic County Agricultural Society, 54 N.J.L. 260 (Sup. Ct. 1892). This last factor was the primary reason why the demurrer was little used. Fortunately for defendants, the present-day motion to dismiss does not have the same effect. See, R.R. 3:5-5(b)(5).
Thus, as can be seen, under both prior methods of attacking an indictment before trial, the facts plead in the indictment were to be taken by the court as true. A dispute relating to a factual allegation in the indictment could not be raised by motion before trial. Thus, in a case factually similar to the instant action, it was held, prior to the advent of the Federal Rules of Criminal Procedure, that the question of whether an object was a firearm under the National Firearms Act, supra, could not be raised by a demurrer before trial. United States v. Tot, 36 F. Supp. 273 (D.N.J. 1941). The Court reasoned that the demurrer was a "speaking" *316 demurrer which sought to attack the indictment by the addition of facts not present upon the face of the indictment, namely, that the object, a pistol, did not have a silencer or muffler, a fact which defendant contended brought the pistol outside of the scope of the Act. It should be noted at this juncture that the present procedural issue does not appear to have been considered in either United States v. Thompson, supra, or United States v. Cosey, supra.
The question now is whether the procedure has been sufficiently altered by R.R. 3:5-5(b) (1) so as to permit the factual allegation of the indictment, i.e., that the object which defendant was alleged to have possessed was a rifle within the intendment of N.J.S. 2A:151-41, to be attacked by motion before trial by the addition of facts not contained in the indictment, namely, that the rifle did not possess either a firing pin or bolt. Since, as has been noted, there is no decision in this state declarative of the scope of the rule as such, reference must be made to the construction of the federal rule.
The leading federal case in reference to F.R. Crim. P. 12 (b)(1) appears to be United States v. J.R. Watkins Company, 16 F.R.D. 229 (D. Minn. 1954). In that case, defendant was charged with knowingly and falsely representing in a required report to the Commissioner of Internal Revenue its use of specially denatured alcohol which it had a permit to use in its manufacture of liniment. The government charged that the denatured alcohol had been used in the manufacture of liniment that would be sold and used for internal human purposes rather than for external use only. Defendants moved to dismiss the indictment under Rule 12 (b)(1) upon the grounds that (1) the prosecution was barred under the statute of limitations and (2) the use in the report of a certain code number was not a representation that the denatured alcohol was for external pharmaceutical use only as contended by the government. While holding that the defense of the statute of limitations could be raised before trial by motion under Rule 12(b)(1), the *317 court held the factual allegation of whether use of the code number constituted a misrepresentation could not be litigated by motion before trial. The court noted the general rule that on a motion to dismiss an indictment for failure to charge an offense, the allegations of the indictment must be taken as true, and that the motion would not be proper under prior practice as a "speaking demurrer." The court stated that in its opinion the notes of the Advisory Committee to the United States Supreme Court on Rule 12 indicated that Rule 12(b) was not intended to authorize speaking motions. The court stated, "Although defendants correctly point out that one purpose of the Federal Criminal Rules was to avoid unnecessary trials, the drafters of the rules were not so concerned with expediting procedure as to include in the rules a provision for a motion similar to the Civil Rules' summary judgment." 16 F.R.D., at 234. This analysis of the intended scope of Rule 12(b)(1) appears to be correct. See, 8 Cipes, Moore's Federal Practice, Chap. 12 (2nd ed. 1968).
From an analysis of the prior procedural rules and the federal rule upon which R.R. 3:5-5(b)(1) is based, it is apparent that the defendant may not raise his contention as a defense by motion before trial. This court is precluded at this time from entertaining testimony which contradicts the factual allegations of the indictment. Defendant may raise his defense only at trial. The only proper motion to the court, prior to submission of the case to the jury for its determination of whether the object is a rifle within the intendment of the statute, would be a motion for judgment of acquittal under R.R. 3:7-6.
In reaching its decision, this court is mindful of the decision of the Appellate Division in State v. Seng, 91 N.J. Super. 50 (App. Div. 1966), reversing, 89 N.J. Super. 58 (Law Div. 1965). In the Seng case, defendant moved to dismiss (presumably under R.R. 3:5-5(b)(1)) four indictments in which the common issue was whether or not a teargas pengun or a teargas gun is a firearm within the *318 meaning of the statutes referred to in the indictments, N.J.S. 2A:151-41, 2A:151-19, 2A:151-31 and 2A:151-24. The trial court granted the motion to dismiss. In reversing the trial court, the Appellate Division commented as follows:
"(The) issue is a factual issue not to be resolved on a motion to dismiss the indictment. It is an issue to be determined at the trial after evidence is adduced as to the structure and nature of the instrument and its capabilities." 91 N.J. Super., at 52.
Although both reported decisions in the Seng case are bereft of any discussion of the procedural rules involved, it is implicit in the decision of the Appellate Division that R.R. 3:5-5(b)(1) is to be construed in the same manner that F.R. Crim. P. 12(b)(1) was construed in United States v. J.R. Watkins Company, supra.
Accordingly, defendant's motion to dismiss the indictment at this posture of the case under R.R. 3:5-5(b)(1) is denied without prejudice.