**STATE of Indiana, Plaintiff-Appellant,**

v.

**Steven J. GILLESPIE,
Defendant-Appellee.**

**No. 3–581A131.**

Court of Appeals of Indiana,
Third District.

Dec. 14, 1981.

Linley E. Pearson, Atty. Gen., Thomas D. Quigley, Deputy Atty. Gen., Indianapolis, for plaintiff-appellant.

Richard J. Thonert, Romero & Thonert, Auburn, for defendant-appellee.

GARRARD, Judge.

Gillespie was charged with attempted dealing in a schedule II controlled substance. He filed a motion to dismiss upon which the court heard argument and received evidence. It was stipulated by the parties that the substance delivered by Gillespie was not a controlled substance. It was crushed common aspirin. In addition, Gillespie testified that Collins, an undercover police officer, had on several occasions attempted to induce Gillespie to procure drugs for him. According to Gillespie, he decided to both teach Collins a lesson and get him to stop bothering Gillespie. He therefore crushed some aspirin, sealed it in a foil packet and sold it to Collins for $110. Relying upon *United States v. Oviedo* (5th Cir. 1976), 525 F.2d 881 the trial court dismissed the information, and the state appeals.

The information against Gillespie followed the elements of the attempt statute, IC 35–41–5–1, and charged that Gillespie

"knowingly delivered a substance to another believing it to be cocaine."

The state initially argues that for purposes of a motion to dismiss, the court must accept as true the facts alleged in the information. It urges that the court was without authority to consider evidentiary matters and that we should reverse because the language of the information was adequate to charge the offense.

■ We agree that as a generalization an indictment or information is to be tested by taking as true the facts alleged therein. *See Smith v. State* (1960), 241 Ind. 311, 170 N.E.2d 794; *Crouch v. State* (1951), 229 Ind. 326, 97 N.E.2d 860; *State v. Green* (1935), 207 Ind. 583, 194 N.E. 182. On the other hand, we remind the state that the prosecuting attorney's function in criminal proceedings includes the obligation to see that a person is not erroneously charged, tried, and convicted, and that his rights and freedom are protected. *Palmer v. State* (1972), 153 Ind.App. 648, 288 N.E.2d 739.

IC 35–4.1–3–1 permits the court to conduct omnibus hearings upon the motion of a party or *sua sponte.* It expressly authorizes obtaining admissions, simplifying the issues and taking other action to promote a fair and expeditious trial. · Pursuant to the statute the court was entitled to receive and consider the stipulation which disclosed that the substance delivered by Gillespie was common aspirin.

Does the fact, standing alone, that the substance delivered was not a controlled substance preclude the state's ability to properly convict Gillespie of an attempt to deliver? If it does there was no harmful error committed in granting the dismissal.

In *Oveido, supra,* the Fifth Circuit reversed a conviction where the defendant believed he was delivering heroin but, in fact, delivered procaine hydrochloride, an uncontrolled substance. The court reasoned that for a defendant to be guilty of a criminal attempt, the objective acts performed (apart from considering *mens rea*)

must mark the defendant's conduct as criminal in nature. The root of *Oveido* rises from the common law notions of the impossibility defense. *Compare* the Fifth Circuit's subsequent explanation of *Oveido* in *United States v. Korn* (5th Cir. 1977), 557 F.2d 1089 and *United States v. Quijada* (9th Cir. 1978), 588 F.2d 1253 which rejects *Oveido.*

While the *Oveido* rationale has a certain appeal, we find its basic premise has been rejected by our legislature in the general attempt statute. IC 35–41–5–1(b) expressly provides:

"It is no defense that, because of a misapprehension of the circumstances, it would have been impossible for the accused person to commit the crime attempted."

In *Zickefoose v. State* (1979), Ind., 388 N.E.2d 507, our Supreme Court, albeit in dictum, concluded unanimously that the effect of the statute was to abrogate those prior cases which focused upon the result of the conduct and limited a criminal attempt to conduct which would apparently have resulted in the completed crime unless interrupted by circumstances independent of the doer's will. The court concluded that the statute focuses upon *mens rea* and the completion of a substantial step towards commission of the offense.

■ Reading both paragraphs of the statute together it appears to us that the legislature rather pointedly intended to include *Oveido*-type conduct within the proscription of the attempt statute. It follows that the language of the charging information was sufficient to withstand the motion to dismiss even in the presence of the stipulation. Whether or not Gillespie committed a "substantial step" would be a question of fact for trial.

Gillespie urges us, however, that since he knew the substance was aspirin and, indeed, intended to deliver aspirin he cannot be guilty of the attempted delivery of heroin. We agree with the substantive point of his

argument. If he indeed knowingly and deliberately sold aspirin to Collins he is not guilty of an attempt to deliver a controlled substance, whatever other offenses he may have committed. Under such circumstances he would not have been acting with the culpability required for commission of the crime. IC 35–41–5–1(a).

However, this assertion was not presented to the court by stipulation. It is an issuable fact for trial, and the information alleged that Gillespie believed he was delivering cocaine. Thus, had the trial court reached the question, it would have been improper to sustain the motion to dismiss merely upon Gillespie's assertion. If the state has evidence from which the jury might reasonably conclude beyond a reasonable doubt that Gillespie believed he was selling cocaine, the prosecution should be permitted to proceed.

We therefore sustain the appeal and set aside the dismissal of the information. The case is remanded for such further proceedings as may be necessary in conformity herewith.

Reversed and remanded.

HOFFMAN, P.J., concurs.

STATON, J., concurs and files separate opinion.

STATON, Judge, concurring.

While I concur in the Majority Opinion, I wish to clarify my position in so doing. The error in the dismissal of the information

arose, I believe, out of the trial court's misapprehension of the proper function of the hearing regarding a motion to dismiss an information.[1]

Gillespie was charged by information with "attempted dealing" under IC 35–41–5–1(a), which provides:

"A person attempts to commit a crime when, acting with the culpability required for commission of the crime, he engages in conduct that constitutes a substantial step toward commission of the crime;" . . .

and IC 35–48–4–2, which provides:

"A person who . . .

"knowingly . . . delivers a controlled substance . . .

"commits dealing . . . . "

That information stated:

"Gillespie did attempt to · commit the crime of Dealing in a Schedule II controlled substance, to-wit: Cocaine by knowingly delivering a substance to another believing it to be cocaine which conduct constituted a substantial step toward the commission of said crime. . . . "

The information clearly alleged sufficient facts to constitute the offense under the above statutes. *See, Brown v. State* (1980), Ind.App., 403 N.E.2d 901. However, confusion arose over the stipulated fact that the substance actually delivered was aspirin, a non-controlled substance.

IC 35–3.1–1–8 allows the defendant to challenge the information by motion upon questions of either law or fact. The motion

---

1. I am in complete agreement with the Majority position that "impossibility" is not a valid defense to charges of attempted crimes. As briefly noted by one commentator:

"There is a modern tendency by statute to eliminate the defense of impossibility, including the distinction between factual impossibility and legal impossibility . . .

\* \* \* \* \* \*

" 'Attempt' liability seeks to identify and neutralize dangerous actors. An actor's mind is 'the best proving ground of his dangerousness.' It follows that his belief as to the attendant circumstances should be con-

trolling, in which case it should not matter whether the target crime was factually or legally impossible of commission. . . . " (footnotes omitted).

4 Wharton's Criminal Law, § 747, pp. 585–86 (14th ed. 1981). Following the "modern" trend, Indiana adopted subsection (b) of the "attempt" statute:

"It is no defense that, because of a misapprehension of the circumstances, it would have been impossible for the accused person to commit the crime attempted."

IC 35–41–5–1(b). "Impossibility" is clearly not a viable defense in Indiana.

may be accompanied by affidavit or documentary evidence and the prosecutor may respond by answer and documentary evidence. Subsections (d) and (e) allow the trial court to either grant or deny the motion without hearing under certain delineated circumstances not here pertinent. Subsection (f), of IC 35–3.1–1–8, controls the hearing:

"If the court does not determine the motion pursuant to subsection (d) or (e) of this section, it shall conduct a hearing and make findings of fact essential to the determination thereof. The defendant has a right to be present in person and by counsel at such hearing but may waive such right. The defendant has the burden of proving by a preponderance of the evidence every fact essential to support the motion."

Clearly, this statute allows the defendant to challenge the information by motion and at the hearing upon questions of fact. The present issue raised by this appeal is "what" questions of fact may the defendant challenge.

IC 35–3.1–1–4(a) provides that a court may dismiss an indictment or information upon the following grounds:

"(1) The indictment or information or any count thereof, is defective under section 6 of this chapter.

"(2) Misjoinder of offenses or parties defendant, or duplicity or allegation in counts.

"(3) The grand jury proceeding was defective.

"(4) The defendant has immunity with respect to the offense charged.

"(5) The prosecution is barred by reason of a previous prosecution.

"(6) The prosecution is untimely brought.

"(7) The defendant has been denied the right to a speedy trial.

"(8) There exists some jurisdictional impediment to conviction of the defendant for the offense charged.

"(9) The indictment or information does not state the offense with sufficient certainty or the facts stated do not constitute an offense."

Under IC 35–3.1–1–4(a)(1), the reference to section 6 is IC 35–3.1–1–6(a) which provides:

"An indictment or information, or a count thereof, is defective when:

"(1) it does not substantially conform to the requirements of section 2(a) of this chapter;

"(2) the allegations demonstrate that the court does not have jurisdiction of the offense charged; or

"(3) the statute defining the offense charged is unconstitutional or otherwise invalid."

And under IC 35–3.1–1–6(a)(1), the reference to section 2(a) is IC 35–3.1–1–2(a) which provides that an information or indictment must be in writing and allege the commission of the offense;

"(1) Stating the title of the action and the name of the court in which the indictment or information is filed;

"(2) Stating the name of the offense in the words of the statute or any other words conveying the same meaning;

"(3) Citing the statutory provision alleged to have been violated except that any failure to include such a citation or any error in such a citation shall not constitute grounds for reversal of a conviction where the defendant was not otherwise misled as to the nature of the charges against him;

"(4) Setting forth the nature and elements of the offense charged in plain and concise language without unnecessary repetition;

"(5) Stating the time and place of the offense with sufficient particularity to show that the offense was committed within the period of limitations applicable to such offense and was committed within the jurisdiction of the court where the charge is to be filed except that the time

or place of the offense shall be stated as definitely as can be done where either time or place is of the essence of the offense; and

"(6) Stating the name of every defendant, if known, and if not known, by designating the defendant by any name or description by which he can be identified with reasonable certainty."

Although the above statutes are expansive, it is readily apparent that the questions of fact which may be permissibly challenged are not determinations regarding elements of the offense charged. The defendant may forward, and the trial court review, questions of fact challenging the jurisdiction of the court, IC 35–3.1–1–6(a)(2), the fulfillment of the statutory requisites in the form of the information, IC 35–3.1–1–2(a), or any of the factual questions which might arise under IC 35–3.1–1–4 (*e.g.*, factual questions pertaining to double jeopardy, *id.* at –4(a)(5)). There is no allowance under these statutes for challenges to questions of fact regarding elements of the offense charged. Questions of fact regarding elements of the offense are to be decided by the trier of fact at trial.

Questions of fact to be established at trial are not properly challenged by the motion to. dismiss. *Crawford v. State* (1900), 155 Ind. 692, 57 N.E. 931. The motion to dismiss is not the proper way to raise a defense. *United States v. Snyder* (9th Cir. 1970), 428 F.2d 520, *cert. denied*, 400 U.S. 903, 91 S.Ct. 139, 27 L.Ed.2d 139; *State v. Yarusso* (1969), 105 N.J.Super. 311, 252 A.2d 53; 42 CJS, Indictments and Informations § 201, p. 1174 (1944, Supp.1981). The information need only allege the intent proscribed by statute. *Embry v. State* (1951), 229 Ind. 179, 96 N.E.2d 274. *See also, McCormick v. State* (1954), 233 Ind. 281, 119 N.E.2d 5. The sufficiency of the evidence pertaining to individual elements of the crime is decided at trial. *Schutz v. State* (1981), Ind., 413 N.E.2d 913; *Hubbard v. State* (1974), 262 Ind. 176, 313 N.E.2d 346.

At the hearing the trial court accepted Gillespie's "evidence" that he did not "knowingly" attempt to deliver the aspirin "believing" it to be cocaine; but that, he "knowingly" delivered aspirin "believing" it to be aspirin. "Knowingly" is but an element of the offense charged, attempted dealing. It was not a proper function of the trial court to accept evidence contesting an issue properly reserved for the trier of fact at trial. When the issue of guilt is properly before the trial court, Gillespie could possibly present this evidence at trial to establish a defense.

Gillespie failed to forward sufficient challenge to the prosecutor's information to meet any of the statutorily prescribed grounds found under IC 35–3.1–1–4. *See, Hopper v. State* (1974), 161 Ind.App. 29, 314 N.E.2d 98. The trial court therefore erred in dismissing the information.