**STATE of Indiana, Appellant (Plaintiff),**

v.

**Leigh KING, Shawn Karnes, Celebration Supply Co., Inc., Appellees (Defendants).**

**No. 49A02–8605–CR–154.**

Court of Appeals of Indiana, Second District.

Jan. 29, 1987.

Linley E. Pearson, Atty. Gen., Michael G. Worden, Deputy Atty. Gen., Stephen Goldsmith, Marion County Prosecutor, Steven G. Poore, Deputy Marion County Prosecutor, Office of Atty. Gen., Indianapolis, for appellant.

F. Bradford Johnson, Stephen M. Sherman, Sherman & Johnson, Indianapolis, for appellees.

BUCHANAN, Judge.

## CASE SUMMARY

Appellant-plaintiff State of Indiana (State) appeals the trial court's dismissal of charges against defendants Leigh King (King), Shawn Karnes (Karnes), and Celebration Supply Co., Inc. (Celebration) [hereinafter collectively referred to as Supplier], claiming Supplier failed to raise proper grounds to support its motion to dismiss.

We reverse.

## FACTS

On June 21, 1985, King was charged with three violations and Karnes was charged with one violation of unlawfully selling at retail fireworks prohibited by Ind.Code 22–11–14–6 (Supp.1986)[1] and IC 22–11–14–8.[2] On July 16, 1985, Celebration was charged with four violations of the same offenses. On July 22, 1985, King and Karnes filed a

---

1. IC 22–11–14–6 provides: "A person who violates section 4(c), 5(c), 5(d), 7, or 8 of this chapter commits a Class A misdemeanor."

2. IC 22–11–14–8 states: "[A] person shall not sell at retail, or offer for sale at retail, any fireworks, novelties, or trick noisemakers other than the following:
    (1) Dipped sticks or wire sparklers. However, total pyrotechnic composition may not exceed one hundred (100) grams per item. Devices containing chlorate or perchlorate salts may not exceed five (5) grams in total composition per item.
    (2) Cylindrical fountains.
    (3) Cone fountains.
    (4) Illuminating torches.
    (5) Wheels.
    (6) Ground spinners.
    (7) Flitter sparklers.
    (8) Snakes or glow worms.
    (9) Smoke devices.
    (10) Trick noisemakers, which include:
      (A) Party poppers.
      (B) Booby traps.
      (C) Snappers.
      (D) Trick matches.
      (E) Cigarette loads.
      (F) Auto burglar alarms."

motion to dismiss with an accompanying affidavit, alleging in part that the charging information and supporting affidavits alleged facts that did not constitute a public offense. An attached, sworn affidavit showed that the employer of King and Karnes, Celebration, qualified as a resident wholesaler, importer or distributor of fireworks, and had been issued a fireworks certificate of compliance by the state fire marshal as required by IC 22–11–14–4. IC 22–11–14–4 is a statutory exception to 22–11–14–8 allowing resident wholesalers, manufacturers, importers, and distributors to sell fireworks not approved for sale in Indiana.[3] On August 6, 1985, the trial court heard arguments on the motion to dismiss and also consolidated the informations filed against Supplier.

On October 2, 1985, the trial court granted leave for Supplier to incorporate a supplemental affidavit as part of its motion to dismiss. The supplemental affidavit was a sworn statement by the president of Celebration, stating that the company was a resident wholesaler, importer and distributor of fireworks, that King and Karnes were employees of the company in June of 1985, and also had attached, sworn statements by the purchasers of the fireworks stating that the fireworks they purchased would be shipped directly out of state. At a second hearing on October 4, 1985, the trial court denied Supplier's motion to dismiss.

On November 26, 1985, Supplier filed a motion to reconsider the ruling on the motion to dismiss. The trial court held a third hearing on December 13, 1985, and granted the motion to reconsider. The court, after argument, granted the motion to dismiss and thereby dismissed the informations against Supplier.

### ISSUE

The State raises one issue which we restate as follows:

Did the trial court err in granting Supplier's motion to dismiss the information?

### DECISION

*PARTIES' CONTENTIONS*—The State contends that Supplier cannot rely on facts alleged in the probable cause affidavit to support its motion to dismiss, and also argues that the determination whether the fireworks sale was legal was a question of fact to be decided at trial.

Supplier argues that the affidavits which it presented to the court established a statutory exception to the charged crime, and that a court may properly consider the proferred facts under IC 35–34–1–8 (1982). *CONCLUSION*—The trial court erred in granting Supplier's motion to dismiss the information.

As a general rule, the sufficiency of an information is tested by this Court by taking the facts alleged in the information as true. *State v. Gillespie* (1981), Ind.App., 428 N.E.2d 1338; *see also Crouch v. State* (1951), 229 Ind. 326, 97 N.E.2d 860; *State v. Green* (1935), 207 Ind. 583, 194 N.E. 182. The State submits that Supplier relied on facts alleged in the probable cause affidavit in stating that no public offense was

---

3. IC 22–11–14–4 states:
   "(a) Nothing in this chapter shall be construed to prohibit:
   (1) any resident wholesaler, manufacturer, importer, or distributor from selling:
   (A) at wholesale fireworks not prohibited by this chapter; or
   (B) fireworks not approved for sale in Indiana if they are to be shipped directly out of state within five (5) days of the date of sale....
   (b) For the purposes of this section, a resident wholesaler, importer, or distributor, is a person who:
   (1) is a resident of Indiana;
   (2) possesses for resale common fireworks approved or not approved for sale in Indiana;
   (3) is engaged in the interstate sale of common fireworks described in subdivision (2) as an essential part of a business that is located in a permanent structure and is open at least six (6) months each year;
   (4) sells common fireworks described in subdivision (2) only to purchasers who provide a written and signed assurance that the fireworks are to be shipped out of Indiana within five (5) days of the date of sale; and
   (5) has possession of a certificate of compliance issued by the state fire marshal under section 5 of this chapter."

charged, since the facts set out in the probable cause affidavit potentially established a defense under IC 22–11–14–4.

■ The deficiency of a probable cause affidavit is not a ground for dismissal of the information as the probable cause affidavit is not the manner by which a defendant is charged with a crime, but rather serves to justify the pre-trial detention of a defendant based on alleged facts reasonably believed to show the defendant committed the crime. *Gilliam v. State* (1978), 270 Ind. 71, 383 N.E.2d 297; *State v. Palmer* (1986), Ind.App., 496 N.E.2d 1337. Supplier, however, does not dispute that it cannot rely on facts in the probable cause affidavit to support its position. Rather, Supplier contends that the trial court may review the facts as presented by Supplier through affidavits and arguments pursuant to IC 35–34–1–8.

IC 35–34–1–8 specifies the manner in which a motion to dismiss is to be made by a defendant, and also specifies when the trial court is permitted to grant the motion without a hearing. That statute provides in part that:

"(a) ....If the [motion to dismiss an information] is expressly or impliedly based upon the existence or occurrence of facts, the motion shall be accompanied by affidavits containing sworn allegations of these facts. The sworn allegations may be based upon personal knowledge of the affiant or upon information and belief, provided that in the latter event the affiant discloses the sources of the information and the grounds for the belief. If the motion is expressly or impliedly based upon the existence of any question of law, the motion shall be accompanied by a memorandum stating specifically the legal question in issue. The defendant may also submit documentary evidence tending to support the allegations of the motion.

(b) The prosecutor may: (1) file with the court an answer denying or admitting any or all of the allegations of the motion; and (2) submit documentary evidence tending to refute the allegations.

(c) After all papers of both parties have been filed, and after all documentary evidence has been submitted, the court shall determine whether ... a hearing is necessary to resolve questions of fact.

. . . .

(f) ... The defendant has the burden of proving by a preponderance of the evidence every fact essential to support the motion."

Supplier is clearly allowed to raise facts and points of law pursuant to IC 35–34–1–8; however, the kinds of factual issues which can be raised by a motion to dismiss are limited.

The purpose of IC 35–34–1–8 would appear to be to establish facts that determine whether, as a matter of law, an offense has properly been charged against a defendant. The facts permitted to be raised under IC 35–34–1–8 typically concern only pre-trial matters. *See Bruce v. State* (1978), 268 Ind. 180, 375 N.E.2d 1042, *cert. denied*, 439 U.S. 988, 99 S.Ct. 586, 58 L.Ed.2d 662 (lack of jurisdiction); *Defries v. State* (1976), 264 Ind. 233, 342 N.E.2d 622 (adequacy of the form of the information); *Richardson v. State* (1983), Ind.App., 456 N.E.2d 1063 (agreement in plea agreement not to prosecute related offense); *Strode v. State* (1980), Ind.App., 400 N.E.2d 183 (double jeopardy); *Snodgrass v. State* (1979), 182 Ind.App. 473, 395 N.E.2d 816, *trans. denied* (collateral estoppel); *Sawyers v. State* (1976), 168 Ind.App. 149, 341 N.E.2d 810 (double jeopardy); *Hartman v. State* (1975), 164 Ind.App. 356, 328 N.E.2d 445 (agreement for immunity in plea agreement).

■ Furthermore, we must construe the purpose of a statute by viewing it in regard to the surrounding sections of the act. *Combs v. Cook* (1958), 238 Ind. 392, 151 N.E.2d 144; *Detterline v. Bonaventura* (1984), Ind.App., 465 N.E.2d 215, *trans. denied; Smith v. State ex rel. Medical Licensing Bd.* (1984), Ind.App., 459 N.E.2d 401. IC 35–34–1–8 was placed in Article 34, titled *Bringing Criminal Charges,* which is composed of sections concerning

pre-trial matters such as the commencement of an action against a defendant, the correct form of an information, grounds for dismissal of an information, and grand jury proceedings. We conclude IC 35–34–1–8 was purposely placed in this article, and thus only allows those facts to be raised by affidavit which show as a matter of law that a crime has not been charged properly.

In *Gillespie, supra,* the court reversed the trial court's dismissal of a charge of attempted dealing of a controlled substance when the substance was stipulated by the parties to actually be aspirin. The majority stated that whether the defendant had the culpability to commit the crime as charged was an issue of fact for trial. *Id.* In his concurring opinion, Judge Staton observed that the type of facts allowed to be raised under IC 35–3.1–1–8 (presently IC 35–34–1–8) is limited to factual questions regarding jurisdiction, the form of the indictment, or facts arising under IC 35–3.1–1–4 (presently IC 35–34–1–4) such as double jeopardy. *Id.* Questions of fact to be decided at trial or facts constituting a defense are not properly raised by a motion to dismiss. *See id.*

██ In this case, Supplier is prematurely attempting to present to the trial court its defense. Although the submitted affidavits by Supplier, on their face, appear to present a statutory exception to IC 22–11–14–8, the determination of whether Supplier has fully complied with IC 22–11–14–4 and established a good defense goes beyond the factual issues which may be decided by a motion to dismiss the information. The State *may,* under IC 35–34–1–8, refute the facts put forth by a defendant supporting a motion to dismiss, but is not required to do so. At the third hearing, the State argued that it would raise the issue of fraud in the procurement of the purchasers' signatures. Whether Supplier's alleged statutory defense is adequate and whether the State's allegation of fraud will affect that defense are matters appropriately decided at trial.

The State's informations adequately charged the crime of unlawfully selling fireworks. Each information listed the statutory provisions, the date and county of the alleged crime, and charged Supplier with unlawfully selling at retail fireworks to an undercover police officer. *Record* at 2–4, 88, 168–171. The State was not required to charge in the information that Supplier did *not* fall within the statutory exception to IC 22–11–14–8. *See Worl v. State* (1962), 243 Ind. 116, 183 N.E.2d 594; *Gray v. State* (1974), 159 Ind.App. 200, 305 N.E.2d 886. The purpose of the information is to allege facts sufficient in law to support a conviction, and to sufficiently charge the crimes so that a defendant may prepare a defense and be protected against double jeopardy in the future. *Dudley v. State* (1985), Ind., 480 N.E.2d 881. Here, taking the facts alleged in the information as true, the State has charged the elements of the statutory crime of IC 22–11–14–8 sufficiently to allow Supplier the opportunity to prepare a defense. Thus, the trial court erred in granting the motion to dismiss. *See Head v. State* (1982), Ind., 443 N.E.2d 44 (trial court did not err in denying defendant's motion to dismiss when, even though the crime of attempted felony-murder did not exist in Indiana absent death of the victim, the language of the charging instrument adequately apprised the defendant of the charge against him).

Therefore, the dismissal of the information is set aside, with this case remanded for further proceedings consistent with this opinion.

Reversed and remanded.

SULLIVAN and CONOVER, JJ., concur.