Jason M. SUNDAY, Appellant (Defendant Below),

v.

STATE of Indiana, Appellee (Plaintiff Below).

No. 34S00–9902–CR–123.

Supreme Court of Indiana.

Dec. 14, 1999.

felony. He was sentenced to an aggregate term of 113 years, including fifty-five years for rape. His sole claim of error in this appeal is that the trial court erred in adding five years to his rape sentence based on his use of a firearm in the commission of the offense. Because the State did not follow the statutory charging procedure necessary to enhance the rape count under Indiana Code § 35-50-2-11, we remand this case to the trial court with instructions to reduce the sentence for rape to fifty years and the total sentence to 108 years.

### Factual and Procedural Background

The following version of events is taken from Sunday's confession to police. In the early morning hours of November 11, 1996, Sunday used a ladder to enter the home of M.C. He was armed with a .22 semi-automatic. M.C. was asleep in her bedroom, and Sunday entered the room and took $25.00 from a cigarette case on her dresser. He then "yanked the blanket off of her," and she started screaming. Sunday pulled out his gun and told her to be quiet. He handcuffed M.C.'s hands behind her neck and raped her. He then "hog tied" her and shot once into the bed to scare her. After she tried to break the string with which she was tied, Sunday shot M.C. twice before his gun jammed. He then fled the house.

Sunday confessed to police and was arrested. While in jail awaiting trial, he escaped and was charged with escape under a different cause number. Several months later, Sunday entered into a plea agreement with the State. The agreement provided in relevant part that he would plead guilty to attempted murder, rape as a Class A felony, burglary as a Class B felony, and escape as a Class C felony. The plea agreement also provided that the burglary sentence would be served concurrently with the attempted murder sentence, but left the sentences on the remaining counts to the discretion of the trial court. In exchange for his pleas, the State agreed to dismiss several other charges.

William C. Menges, Jr., Kokomo, Indiana, Attorney for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, Teresa Dashiell Giller, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

BOEHM, Justice.

Jason M. Sunday pleaded guilty to several charges including rape as a Class A

At the guilty plea hearing, the trial court stated that Sunday faced a possible sentence of twenty to fifty years for rape as a Class A felony. That is the statutory range. *See* Ind.Code § 35–50–2–4 (1998). The trial court also stated on two different occasions that Sunday faced a total maximum sentence of 108 years under the plea agreement, i.e., fifty years for attempted murder, fifty years for rape and eight years for escape. At sentencing, the State argued that the trial court should impose an aggregate sentence of "a hundred and eight years which is the maximum penalty, which this man deserves." The trial court then imposed the maximum sentences for attempted murder and escape, but imposed a fifty-five year sentence for rape. The trial court ordered these counts served consecutively, for a total sentence of 113 years imprisonment.

### Enhancement of Sentences Under Indiana Code § 35–50–2–11

The trial court explained that the fifty-five year rape sentence was "the maximum allowed by law ... [f]ifty years for the rape and five years for having committed same while armed with a deadly weapon." Although the trial court did not cite the statutory basis for the additional five years, it appears that it relied on Indiana Code § 35–50–2–11, which provides in its entirety:

(a) As used in this section, "firearm" has the meaning set forth in IC 35–47–1–5.

(b) As used in this section, "offense" means:

(1) a felony under IC 35–42 that resulted in death or serious bodily injury;

(2) kidnapping; or

(3) criminal confinement as a Class B felony.

(c) The state may seek, on a page separate from the rest of a charging instrument, to have a person who allegedly committed an offense sentenced to an additional fixed term of imprisonment if the state can show beyond a reasonable doubt that the person knowingly or intentionally used a firearm in the commission of the offense.

(d) If after a sentencing hearing a court finds that a person who committed an offense used a firearm in the commission of the offense, the court may sentence the person to an additional fixed term of imprisonment of five (5) years.

Sunday contends that the trial court erred in adding five years to the otherwise maximum sentence of fifty years for rape as a Class A felony because the State did not comply with the requirement of subsection (c) that it seek the enhancement "on a page separate from the rest of a charging instrument." The State responds that the statute "does not contain the language 'must,' in fact sections (c) and (d) do not appear to dictate that section (c) must be present at all." [1] We agree with Sunday, and accordingly remand this case to the trial court to reduce the rape sentence to fifty years.

In construing a statute, we look to the plain, ordinary, and usual meaning of the language unless the statute itself clearly provides a contrary meaning. *Riley v. State*, 711 N.E.2d 489, 495 (Ind. 1999). We examine the statute as a whole and do not presume that the legislature intended statutory language to be applied illogically or to bring about an unjust or

---

1. The use of the permissive term "may" also appears in other enhancement statutes where it is well settled that the State must file its allegation on a separate page. *See, e.g.,* Ind. Code §§ 35–50–2–8 (habitual offenders) & 35–50–2–10 (habitual substance offenders) (1998). *See also Perry v. State*, 541 N.E.2d 913, 919 (Ind.1989) ("The allegation of habitual criminal must contain all the procedural matters and safeguards of the original and underlying charges in that they are brought by sworn affidavit contained in an informa- tion and endorsed by the prosecuting attorney, setting out the facts sufficient and adequate for the defendant to defend himself and giving him an opportunity to plead to such allegations.") The use of the term "may" in these statutes makes clear that these enhancements are discretionary. However, if the State desires an enhancement, it must follow the other requirements of the statute. If these requirements are not followed, the trial court is precluded from enhancing a sentence.

absurd result. *Id.* In addition, it is well established that penal statutes must be strictly construed against the State. *See Smith v. State,* 675 N.E.2d 693, 697 (Ind. 1996).

■ Although subsection (d) plainly provides for the addition of five years imprisonment when an offense is committed by the use of a firearm, subsections (a), (b), and (c) place important limitations on the imposition of this additional sentence. Subsection (a) incorporates the definition of a firearm; subsection (b) limits the offenses for which the extra time may be added; and subsection (c) requires that the allegation that a firearm was used in the commission of the offense be filed on a separate page of the charging instrument and that the State prove it beyond a reasonable doubt. Taking this statutory provision as a whole, it is clear that the legislature intended to require the State to seek a five-year enhancement by first filing its allegation on a separate page of the charging instrument. Because the State did not comply with subsection (c) in this case, the trial court erred by adding five years to the otherwise maximum sentence of fifty years for rape as a Class A felony.[2]

## Conclusion

This case is remanded to the trial court with instructions to reduce the sentence for rape to fifty years thereby reducing the total sentence to 108 years imprisonment.

SHEPARD, C.J., and DICKSON, SULLIVAN and RUCKER, JJ., concur.

---

2. We also note that the imposition of an additional five years for rape violated the terms of the plea agreement as understood by the parties and explained by the trial court at the guilty plea hearing. As this Court recently reiterated in *Freije v. State,* 709 N.E.2d 323, 324–25 (Ind.1999) (quoting *State ex rel. Goldsmith v. Marion County Superior Court,* 275 Ind. 545, 552, 419 N.E.2d 109, 114 (1981)),

"[t]he concept of plea bargaining contemplates an explicit agreement between the State and defendant which is binding upon both parties when accepted by the trial court. To allow the trial court to either increase or suspend the executed sentence, would deny the parties the essential purpose of their agreement."