Rick L. SMITH, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 78A01–0511–CR–533.

Court of Appeals of Indiana.

Sept. 20, 2006.

W. Gregory Coy, Vevay, IN, Attorney for Appellant.

Stephen R. Carter, Attorney General of Indiana, Kelly A. Miklos, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

HOFFMAN, Senior Judge.

Defendant–Appellant Rick L. Smith ("Defendant") brings this interlocutory appeal of the trial court's order denying his motion to dismiss one count of child seduction, a Class D felony, Ind.Code § 35–42–4–7. Defendant was also charged with one count of contributing to the delinquency of a minor, a Class A misdemeanor, Ind.Code § 35–46–1–8.

On June 3, 2005 the State charged Defendant with one count of child seduction and one count of contributing to the delinquency of minor for events that are alleged to have occurred sometime prior to No-vember 26, 2004. Defendant was a school bus driver, and the alleged victim was a girl under eighteen years of age who was riding Defendant's school bus to get to school. The alleged victim claimed that Defendant touched her leg while she was riding Defendant's bus, and that he asked her about having sex at some other time. The police were notified, investigated the report, and charges were filed against Defendant.

Defendant filed a motion to dismiss the child seduction count claiming that his particular employment as a school bus driver did not satisfy the statutory requirements of the definition of "child care worker" under the child seduction statute. The trial court held a hearing on Defendant's motion on September 30, 2005.

Tracy Caudell, the Switzerland County School Superintendent, testified at the hearing that some school bus drivers work directly for the school corporation, while others are independently contracted. Defendant was employed by Roger Christman, d/b/a Pleasant View Bus Company, who entered into a contract with the Switzerland School Corporation to transport students between their homes and the school. The school corporation must approve all drivers before they may continue as a bus driver and all drivers must report to and are responsible to the Transportation Director, Principals, and the Superintendent. The duties of all bus drivers include maintaining the safety of the school bus, managing the children on the bus, and disciplining the children. The bus driver is often the only adult on the bus and has control of the children while they are riding on the bus.

The trial court took the matter under advisement. On October 28, 2005, the trial court denied Defendant's motion to dismiss. On November 8, 2005, Defendant filed a motion requesting that the trial

court certify the order for interlocutory appeal. Defendant's request was granted on November 9, 2005. On January 9, 2006, this court accepted jurisdiction of the interlocutory appeal.

 Defendant argues that Ind.Code § 35–34–1–34 provides for dismissal of an information on any ground that is a basis for dismissal as a matter of law. He acknowledges that when a defendant files a motion to dismiss, the facts alleged in the information are to be taken as true. *Stratton v. State*, 791 N.E.2d 220, 223 (Ind. Ct.App.2003). A trial court considering a motion to dismiss in a criminal case need not rely entirely on the text of the charging information, but can hear and consider evidence in determining whether or not a defendant can be charged with the crime alleged. *Id.* It is a function of the prosecuting attorney to make certain that a person is not erroneously charged. *Id.* In considering a motion to dismiss, the trial court has that same obligation. *Id.*

██ Defendant claims that the trial court erred by denying his motion to dismiss because he is not a person who fits any of the required definitions of Ind.Code § 35–42–4–7. That statute reads in relevant part as follows:

(c) As used in this section, "child care worker" means a person who:

(1) provides care, supervision, or instruction to a child within the scope of the person's employment in a shelter care facility; or

(2) is employed by a:

(A) School corporation; or

(B) non-public school;

attended by a child who is the victim of a crime under this chapter.

(h) If a person who is:

(1) at least eighteen (18) years of age;

(B) a child care worker for;

a child at least sixteen (16) years of age but less than eighteen (18) years of age; engages with the child in sexual intercourse, deviate sexual conduct (as defined in Ind.Code § 35–41–1–9), or any fondling or touching with the intent to arouse or satisfy the sexual desires of either the child or the adult, the person commits child seduction, a Class D felony.

 In *Stratton*, a panel of this court considered a defendant's claim that he was not a "child care worker" as defined by the child seduction statute. This court noted that because Ind.Code § 35–42–4–7(c) is a penal statute, the term, "child care worker," is to be strictly construed against the State. 791 N.E.2d at 224. Any ambiguity must be resolved against imposing the penalty, and only those cases which are clearly within its meaning and intention, can be brought within the statute. *Id.* The meaning of doubtful words may also be determined by reference to their relationship with other associate words and phrases. *Id.* After engaging in that analysis, the panel of this court held that the legislature intended "child care worker" to mean an individual who occupies a position of trust, authority, and responsibility *in loco parentis*. *Id.* The defendant in that case was found to be a child care worker because as the dean of students at a school, he handled disciplinary matters of the students in a manner he determined to be necessary and appropriate. He was able to discipline the students like a parent.

Using that analysis in the present case, the school superintendent testified at the motion to dismiss hearing that bus drivers' duties included managing the children on the bus, and disciplining the children. The bus driver is often the only adult on the bus. This evidence is sufficient to support the trial court's conclusion that Defendant

was a "child care worker." He was able to discipline like a parent, and as the only adult on the bus, was in a position of authority.

Defendant also argues that he is employed by an independent contractor, and not the school corporation. Defendant claims that the nature of his employment arrangement removes him from the definition of "child care worker" for purposes of the child seduction statute.

This issue was also addressed in *Stratton*. In *Stratton*, the defendant argued that since he was employed and compensated by another entity, he was not a child "care worker." However, the record there indicated that the defendant's compensation, although not by the school, included payment for his duties at the school. That defendant was found to be a "child care worker" for purposes of the statute. 791 N.E.2d at 225.

In the present case, although Defendant was directly compensated by another entity, Defendant directly reported to and was supervised by the school corporation. Defendant's compensation included payment for the services rendered for the school corporation. Therefore, Defendant's compensation may not come from the school, but is for his employment as a school bus driver for the school. Defendant's claim here that he is not a child care worker must also fail.

The trial court did not err by denying Defendant's motion to dismiss.

Affirmed.

BAKER, J., and NAJAM, J., concur.