ATTORNEY FOR APPELLANT
W. Gregory Coy
Vevay, Indiana

ATTORNEYS FOR APPELLEE
Steve Carter
Attorney General of Indiana

Kelly A. Miklos
Deputy Attorney General
Indianapolis, Indiana

### In the
### Indiana Supreme Court

No. 78S01-0701-CR-4

RICK L. SMITH, *Appellant (Defendant below),*

v.

STATE OF INDIANA, *Appellee (Plaintiff below).*

Interlocutory Appeal from the Switzerland Superior Court, No. 78D01-0506-FD-248
The Honorable John D. Mitchell, Judge

On Petition To Transfer from the Indiana Court of Appeals, No. 78A01-0511-CR-533

**June 13, 2007**

**Dickson, Justice.**

A long-cherished principle of the American justice system is that a citizen may not be prosecuted for a crime without clearly falling within the statutory language defining the crime. This rule of law requires the granting of the defendant's motion to dismiss in this case.

Supported by a probable cause affidavit referencing allegations that the defendant, having previously expressed a romantic interest in a seventeen-year-old female, rubbed his hand up the slit in her dress near her calf area when she was a passenger on the school bus he was driving, the State charged Rick L. Smith with child seduction, a class D felony. The information alleged that on or about November 26, 2004, he was at least eighteen years of age and "a child care

worker of a child" between sixteen and eighteen years of age, when he "did engage in fondling with the child," with the intent to arouse or satisfy his own sexual desires, in violation of Indiana Code § 35-42-4-7. Appellant's App'x. at 84.[1] The undisputed basis of the State's allegation that the defendant was a child care worker is the fact that he was a Switzerland School Corporation school bus driver. The defendant filed a motion to dismiss this charge, asserting that he did not fall within the statutory definition of "child care worker." The trial court denied the motion but certified the issue for interlocutory appeal. The Court of Appeals accepted jurisdiction and affirmed. Smith v. State, 853 N.E.2d 1267 (Ind. Ct. App. 2006). We granted transfer.

The child seduction statute provides:

(h) If a person who is:
    (1) at least eighteen (18) years of age; and
    (2) the:
        (A) guardian, adoptive parent, adoptive grandparent, custodian, or stepparent of; or
        (B) child care worker for;
a child at least sixteen (16) years of age but less than eighteen (18) years of age; engages with the child in sexual intercourse, deviate sexual conduct . . . , or any fondling or touching with the intent to arouse or satisfy the sexual desires of either the child or the adult, the person commits child seduction, a Class D felony.

Ind. Code § 35-42-4-7(h). In relevant part, the phrase "child care worker" is defined to mean:

(c) . . . a person who:
    (1) . . .
    (2) is employed by a:
        (A) school corporation; or
        (B) nonpublic school;
attended by a child who is the victim of a [sex crime].

Ind. Code § 35-42-4-7(c).

The State contends that the defendant was a "child care worker" because he falls within subsection (c)(2)(A) as an employee of the school corporation attended by the girl. The defendant argues that he was not employed directly by the school corporation but by Roger Christman, d/b/a Pleasant View Bus Company, an independent contractor under contract to provide school bus transportation services for the school corporation. The school corporation's contract specifications for the school bus contract expressly provided that drivers employed by independent con-

---

[1] The defendant was also charged with contributing to the delinquency of a minor, a class A misdemeanor. This second charge is not at issue in this appeal.

tractors "are not considered employees of the Corporation within the terms of worker's compensation laws; neither is the Board to be liable for the employer's contribution under O.A.S.I. Statutes [presumably the Old-Age and Survivors Insurance provisions of the federal Social Security Act]." Appellant's App'x. at 61. The entire time the defendant drove the school bus he received his paychecks from Christman. The parties do not dispute these basic facts.

The State argues that the defendant should nevertheless be considered to be employed by the school corporation, and thus within the definition of "child care worker" for purposes of criminal prosecution, because every bus driver, whether employed directly by the school corporation or by a transportation contractor, had the same duties and responsibilities, and each had the same supervisory and disciplinary powers over student bus passengers.

In construing a statute, courts must assign words their plain, ordinary, and usual meanings in everyday speech, unless the statute itself provides definitions to the contrary. Sunday v. State, 720 N.E.2d 716, 718 (Ind. 1999); Spangler v. State, 607 N.E.2d 720, 723 (Ind. 1993). Our examination of a penal statute requires that language be construed strictly against the State and in favor of the accused. Merritt v. State, 829 N.E.2d 472, 475 (Ind. 2005).

The General Assembly did not define the charged offense in terms of a person's authority over children or whether a person is subject to school board supervision. To commit the offense, the legislature has declared that a person must be a "child care worker," and this term is explicitly defined to require that a defendant be "employed by a . . . school corporation." Ind. Code §§ 35-42-4-7(h), -7(c). Our application of the language in this penal statute does not allow judicial enlargement of the categories of persons it subjects to criminal liability.

The undisputed facts establish that the defendant was not a "child care worker" as that phrase is defined to include "a person who . . . is employed by a . . . school corporation." He thus cannot be prosecuted in this case for the criminal offense of child seduction, a class D felony, as defined by the General Assembly. We reverse the denial of the defendant's motion to dismiss and remand to the trial court to grant the motion and for further proceedings not inconsistent with this opinion.

3

Boehm, and Rucker, JJ., concur.  Sullivan, J., would deny transfer, believing the opinion of the Court of Appeals in this case to be correct.  Shepard, C.J., concurs with separate opinion, in which Boehm, J., joins.

SHEPARD, Chief Justice, concurring.

The Attorney General has ably argued that Smith, as an employee of an independent contractor who supplied bus services to the school corporation, had the same duties and responsibilities as drivers who were in the direct employ of the corporation. It is a point of some weight.

Still, in the modern American school, students may have contact with a good many adults who might well seem like "employees" to the kids but are not necessarily employed by the corporation: cafeteria workers, groundskeepers and maintenance personnel, the fellow who repairs the copying machine, and so on. If we push the words used by the statute, "employed by a school corporation," so as to say that they include people who are not on the payroll, we will end up having to decide which of these individuals are enough like regular employees to be covered by the criminal code and which are not. Distasteful as it may be given the facts of the present case, I think the Court does the right thing to use the regular, garden-variety definition of "employed," with the understanding that the General Assembly has the power to broaden the class of persons covered by the statute should it choose to do so.

Boehm, J., joins.