Alan C. JONES, Appellant–Respondent,

v.

STATE of Indiana, Appellee–Petitioner.

No. 61A01–0704–CR–174.

Court of Appeals of Indiana.

Sept. 21, 2007.

Patricia Caress McMath, Indianapolis, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Joby Jerrells, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BARNES, Judge.

### Case Summary

Alan Jones appeals the revocation of his probation, the reinstatement of his suspended sentence, and the trial court's determination that he is a sexually violent predator. We affirm.

### Issues

Jones presents two issues for our review, which we restate as:

I. whether the trial properly revoked his probation and reinstated the ten-year suspended portion of his sentence; and

II. whether the trial court properly determined that he was a sexually violent predator.

### Facts

Jones pled guilty to Class B felony child molesting on June 18, 2002. The charge stemmed from Jones's sexual relations with A.S., a thirteen-year-old girl. Jones

was twenty-two years old at the time. The trial court sentenced Jones to twenty years, with ten suspended. He was released on probation on January 6, 2006.

The State filed a probation violation allegation on August 29, 2006, and the court issued a warrant for Jones. The probation violation stemmed from information learned during a routine polygraph examination. During the test, Jones disclosed that he recently had sexual intercourse with the victim, A.S., who was now seventeen years old. He also admitted to viewing pornographic material on a computer, consuming alcohol, and smoking marijuana. These actions violated the express terms of Jones's probation.

On January 23, 2007, the trial court determined that Jones violated his probation. At that hearing, the trial court decided to consider whether Jones was a sexually violent predator pursuant to Indiana Code Section 35–38–1–7.5. The trial court ordered evaluations by two psychologists and requested written reports. On March 1, 2007, the trial court heard evidence and reviewed the written findings of the psychological evaluations. The trial court reinstated the ten-year suspended portion of the original sentence. The trial court also determined that Jones was a sexually violent predator. This appeal followed.

### Analysis

#### I. Suspended Sentence

■ Jones argues that the trial court abused its discretion by revoking his probation and reinstating the ten suspended years of his original sentence. He also argues the ten-year reinstatement is inappropriate in light of his offenses. A trial court's decision to revoke probation is reviewed for an abuse of discretion. *Abernathy v. State*, 852 N.E.2d 1016, 1020 (Ind. Ct.App.2006). We will not find an abuse of

discretion unless "the trial court's decision is against the logic and effect of the facts and circumstances before the court." *Id.* We also note that "probation is a favor granted by the State, not a right to which a criminal defendant is entitled." *Sanders v. State*, 825 N.E.2d 952, 955 (Ind.Ct.App. 2005), *trans. denied.*

Here, evidence presented to the trial court during the January 23, 2007 hearing included testimony that Jones had consumed alcohol and smoked marijuana between twenty and forty times while he was on probation. Jones also viewed pornographic material on a friend's computer. These instances violated the specific terms of Jones's probation. More critical, however, was the testimony that Jones not only had contact with his victim, but he also had intercourse with her. The trial court did not abuse its discretion in revoking Jones's probation. Even the violation of a single condition of probation is sufficient to revoke probation. *T.W. v. State*, 864 N.E.2d 361, 364 (Ind.Ct.App.2007), *trans. denied.* Jones violated four conditions here.

■ In reviewing the trial court's decision to order a previously suspended sentence, we will not review the propriety of the original sentence. *Abernathy*, 852 N.E.2d at 1020 (citing *Johnson v. State*, 692 N.E.2d 485, 488 (Ind.Ct.App.1998)). Jones argues that we should review the appropriateness of reinstating the entire ten-year sentence under Indiana Appellate Rule 7(B), which provides that we may revise a sentence if we find that it is inappropriate in light of the nature of the offense and the character of the offender. We have previously rejected this sort of review following probation revocation. *See, e.g., Sanders*, 825 N.E.2d at 957 (reasoning that despite any seeming applicability of Indiana Appellate Rule 7(B) the standard of review used when reviewing a

probation revocation sentence is an abuse of discretion); *Podlusky v. State,* 839 N.E.2d 198, 200 (Ind.Ct.App.2005) (holding that we review a trial court's sentencing decision in a probation revocation proceeding for an abuse of discretion); *Abernathy,* 852 N.E.2d at 1020. *Cf. Stephens v. State,* 818 N.E.2d 936, 939 (Ind.2004) ("A defendant is entitled to dispute on appeal the terms of a sentence ordered to be served in a probation revocation proceeding that differ from those terms originally imposed.").

Indiana Code Section 35–28–2–3 provides guidelines for trial courts considering a revocation of probation and one option is to order the execution of the sentence that was suspended at the time of the initial sentencing. Ind.Code § 35–28–2–3(g)(3). Here, after considering the four violations of probation, the trial court reinstated Jones's ten-year suspended sentence in its entirety. The trial court heard evidence that Jones smoked marijuana, consumed alcohol, and viewed pornography. Aside from these three violations, Jones admitted having sexual intercourse with the original victim after he was explicitly ordered to avoid all contact with her. The reinstatement of the ten suspended years was not an abuse of the trial court's discretion.

### II. Sexually Violent Predator Status

■ Jones also argues that the court could not apply the sexually violent predator statute at his probation violation sentencing and did so in error. The Indiana Code defines a sexually violent predator as a "person who suffers from a mental abnormality or personality disorder that makes the individual likely to repeatedly commit a sex offense." I.C. § 35–38–1–7.5(a). The statute provides that individuals can be deemed sexually violent predators based on the specific offenses they commit or by the court's consideration of

findings of two mental health experts. Significantly, for the rest of his or her life an individual deemed a sexually violent predator must register with local law enforcement within seventy-two hours of arrival in any county. *See* I.C. §§ 11–8–8–1 to 11–8–8–22 (providing guidelines for registration).

Jones argues that the trial court did not have the opportunity under the statute to determine if he was a sexually violent predator. He maintains that the language of Section 35–38–1–7.5(c) mandates that any decision regarding the sexually violent predator status must be made when the trial court initially sentences a defendant for a sex offense. In this case, he argues that the trial court only had one opportunity to consider assigning the sexually violent predator status and that was on the date of his original sentencing for the child molesting charge in 2002. The State contends the plain language of the statute allows the determination to be made at the initial sentencing hearing, as well as at any subsequent sentencing, including those at probation revocation proceedings. The statutory section in question provides:

> This section applies whenever a court sentences a person or a juvenile court issues a dispositional decree for a sex offense (as defined in I.C. § 11–8–8–5.2) for which the person is required to register with the local law enforcement authority under I.C. § 11–8–8.

I.C. § 35–38–1–7.5(c).

■ The rules of statutory interpretation mandate that we must assign words their plain and ordinary meaning unless the statute provides definitions otherwise. *Smith v. State,* 867 N.E.2d 1286, 1288 (Ind. 2007). Criminal statutes are to be construed strictly against the State and in favor of the accused, yet we assume language was used intentionally and every word should be given effect and meaning.

*Merritt v. State*, 829 N.E.2d 472 (Ind. 2005).

During the January 23, 2006 hearing, the prosecutor requested that the trial judge determine whether Jones was a sexually violent predator. The judge agreed and began the process for determination by ordering the psychological reviews. At the hearing on March 1, 2007, the trial court reinstated the ten suspended years and found that Jones was a sexually violent predator. While considering the appropriateness of the consideration of the sexually violent predator statute, the trial court stated, "I'm inclined to believe that the legislature did not intend to prohibit me from making a finding that Mr. Jones is a serious violent predator as defined under or explained and discussed in ... 35–38–1–7.5...." Tr. March 1, 2007 p. 7. We agree.

Plainly, the statute provides that it applies "whenever" a defendant is sentenced. I.C. § 35–38–1–7.5(c). It does not specify that such a time is limited to the initial sentencing. Moreover, this trial court did consider the issue during a sentencing hearing—just a hearing subsequent to the original one. Nothing in the statute expressly prohibits consideration at this stage. Given the potential for very serious probation violations, we find that trial courts should have discretion to consider assigning sexually violent predator status when considering probation violations and determining the sentence to be imposed for such violations. We conclude that the plain language of the statute here does not limit the consideration to the initial sentencing hearing, and Jones's arguments to the contrary must fail.

### Conclusion

The trial court did not abuse its discretion in revoking probation and reinstating Jones's ten-year suspended sentence and did not err in determining that he was a sexually violent predator. We affirm.

Affirmed.

KIRSCH, J., and ROBB, J., concur.